## No. 26713

**In the Matter of the Application of Jean Nelson on Behalf of Michael John Schweitzer v. Denise LaVone Schweitzer.**

(542 P.2d 382)

Decided November 17, 1975.

Robert W. Caddes, for petitioner-appellant.

Michael C. Schaefer, for respondent-appellee.

512

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This custody case was first before us in an original proceeding. *In the Matter of the Application of Jean Nelson on Behalf of Michael John Schweitzer, a Minor v. District Court in and for the Second Judicial District; Honorable Robert T. Kingsley, One of the Judges,* 186 Colo. 381, 527 P.2d 811 (1974). We remanded the case to the trial court to hear the habeas corpus petition without delay and to resolve the custody issue at the same time.

The trial court resolved both issues and entered an order granting custody of Michael John Schweitzer, a two-year-old boy, to the mother, Denise Schweitzer. The custody award is challenged on this appeal. In addition, the appellant contends that the habeas corpus petition was improperly dismissed. We affirm.

■ · On remand, the trial court, in accordance with our instructions, called for a combined hearing on the custody action and the habeas corpus proceeding without undue delay. As we stated in our previous opinion: "'[T]he court is by no means limited to an inquiry into the legal right by which the child is held, but must determine the broad question of what will best serve the child's interest.' " *In re Jean Nelson v. District Court, supra.*

■ We have previously affirmed the propriety of the trial court's jurisdiction in this custody proceeding. The trial court, on remand, has ruled that custody should be awarded to the child's natural mother. Evidence appears in the record to support the trial court's determination. Oklahoma, which originally granted temporary custody to the petitioner, a paternal aunt, has lost jurisdiction in this case, since the residence of the parties was premised solely on a military assignment, and both the father and the mother have returned to the site of their domicile — Denver, Colorado. The child's natural father, mother, and grandparents are all residents of Colorado and have significant connections to Colorado. Oklahoma has no continuing jurisdiction, since the custody order was temporary in nature, and the parties have relinquished all ties to Oklahoma. The petitioner, who seeks custody, is a resident of the State of Montana.

■ These facts, as well as others in the record, establish a change of circumstances and support the trial court's determination that the child's best interest is served by placing custody in the natural mother. This award and decision was in keeping with the Uniform Child Custody Jurisdiction Act (Colo. Sess. Laws 1973, ch. 163, 46-6-1 *et seq.*).

Accordingly, we affirm.

MR. CHIEF JUSTICE PRINGLE does not participate.