In re the MARRIAGE of Jack S.
SEVERN, Appellant,

and

Carla Severn, Appellee.

No. 79CA0243.

Colorado Court of Appeals,
Division III.

March 6, 1980.

Carvell & Mullens, Robert A. Carvell,
Colorado Springs, for appellant.

Wilder, Wells & Elliott, Douglas H.
Brown, Colorado Springs, for appellee.

In February 1978, the husband, Jack S. Severn, a resident of Colorado, commenced this action for dissolution of marriage, approval of an agreement concerning financial affairs, and custody of the parties' two children. The wife, a resident of Florida, filed a response in which she asked for a dissolution of the marriage, child custody and support, maintenance, division of property, and attorney fees and costs. Thereafter, she filed a motion requesting the court to decline to exercise jurisdiction as to custody pursuant to § 14–13–109(1), C.R.S. 1973, which provides:

"If the petitioner for an initial [child custody determination] decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct, the court may decline to exercise jurisdiction if this is just and proper under the circumstances."

At an evidentiary hearing on her motion in January 1979, the evidence indicated that, in June 1977, the husband, with the wife's consent, took the children from Florida to Colorado where he, his parents, and his brother and his brother's wife were living. On conflicting testimony, the court found that the parties were in complete disagreement as to what arrangements they did have. It then determined that the initial taking was not wrongful, but that the taking became wrongful when the husband retained the children after six weeks. It concluded that it had no alternative but to defer this case to Florida.

On appeal, the husband contends that the trial court erred in declining to exercise jurisdiction in this matter. We agree, and reverse the order.

The Colorado court had jurisdiction to make a child custody determination by initial decree. The first legal proceeding between the parties was the Colorado marriage dissolution action, and the wife had entered a general appearance therein and had herself asked for a custody order. Ad-

ditionally, at the time of the commencement of this action, Colorado was, and had been for eight months, the home state of the children and for eighteen months had been the residence of the husband. Also, the children and the husband by that time had significant connections with Colorado, and there was "available in this state substantial evidence concerning the [children's] present or future care, protection, training, and personal relationships." Section 14–13–104(1)(a) and (b), C.R.S. 1973; *see In re Custody of Glass*, 36 Colo.App. 91, 537 P.2d 1092 (1975).

Even if the taking of the children from Florida was or became wrongful, this does not prohibit the court from exercising jurisdiction. Such a taking merely gives the court discretion to decline "if this is just and proper under the circumstances." Section 14–13–109(1), C.R.S. 1973. "The paramount consideration must be the best interests of the [children], not the wrongdoing of the parent." *In re Application of Nelson v. District Court*, 186 Colo. 381, 527 P.2d 811 (1974); *see In re Application of Nelson v. Schwertzer*, 189 Colo. 511, 542 P.2d 382 (1975). *See also Wheeler v. District Court*, 186 Colo. 218, 526 P.2d 658 (1974).

Here, by the time of the hearing, the children had been in Colorado for nineteen months. Although the wife filed her own action in Florida subsequent to the commencement of the Colorado action, and alleged in that proceeding that Florida would be the proper jurisdiction, the husband has not appeared in that action and no order has been entered there pertaining to custody. *Cf. Lopez v. District Court*, Colo., 606 P.2d 853 (1980). Under these circumstances, the children being here for this period of time, it being apparent that there was a need for a determination of the custody issue, and the court having jurisdiction over both parties, the children, and the subject matter, it was an abuse of discretion for the trial court not to decide the issue.

Order reversed and cause remanded for further proceedings consistent with this opinion.

PIERCE and BERMAN, JJ., concur.