**In re the MARRIAGE OF Marlene S. BARONE, f/k/a Marlene Moudy Heiberg, Appellant,**

**and**

**Harrison Howell D. Heiberg, III, Appellee,**

**and Concerning the People of the State of Colorado, Appellant.**

No. 93CA2043.

Colorado Court of Appeals, Div. V.

Aug. 25, 1994.

Rehearing Denied Oct. 13, 1994.

Certiorari Denied June 5, 1995.

John W. Suthers, Dist. Atty., Jann P. Dubois, Sr. Deputy Dist. Atty., Colorado Springs, for appellants.

Law Offices of Asher and Rodman, P.C., and Lee Rodman, Colorado Springs, for appellee.

Opinion by Judge NEY.

The People, for Marlene S. Barone (mother), appeal the order denying enforcement of a judgment for unpaid child support against Harrison Howell D. Heiberg, III (father). We reverse and remand for further proceedings.

Under a 1982 California dissolution decree, father was ordered to pay mother $325 per month child support. Beginning in 1984, he reduced his payments to $200 per month. In 1986, he began paying $225. In 1988, he moved to Colorado and increased the amount to $250. And, in 1990, he paid $275 per month.

In 1991, mother registered the California decree in Colorado and sought judgment for the unpaid support. Father objected on grounds including payment and estoppel.

After hearings, the court concluded that mother was estopped from enforcing such a judgment. The court found that there was no contract to reduce support, but that father had reasonably relied to his detriment on mother's representation that reduced support was acceptable to her. The court also concluded that the child suffered no prejudice.

The People contend that the trial court erred in concluding that mother was estopped from enforcing the judgment for unpaid support. We agree.

### I. Choice of Law

Under both California and Colorado statutes, duties of child support are those imposed under the laws of any state where the obligor was present for the period during which support is sought. Cal.Fam.Code § 4820 (West 1994); § 14–5–108, C.R.S. (1987 Repl.Vol. 6B).

Therefore, father's duty of support is governed by California law until he moved to Colorado in 1988 and thereafter by Colorado law.

### II. Judgment for Unpaid Support

In Colorado, a child support installment becomes an enforceable judgment when due and not paid, and, except under circumstances not relevant here, a child support obligation may not be retroactively modified as to installments accruing before the date of a motion to modify. Section 14–5–110(2), C.R.S. (1987 Repl.Vol. 6B); § 14–10–122(1)(c), C.R.S. (1993 Cum.Supp.); *In re Marriage of Greenblatt*, 789 P.2d 489 (Colo. App.1990).

California law, as applicable here, is similar in substance. Cal.Fam.Code §§ 4009, 5100 & 5102 (West 1994); *In re Marriage of Everett*, 220 Cal.App.3d 846, 269 Cal.Rptr. 917 (1990).

Therefore, judgment was properly entered for the support father owed but did not pay under the 1982 California decree.

### III. Equitable Estoppel

California courts have allowed equitable relief from judgment for past due child support in limited circumstances such as concealment of the child and an agreement to

waive support. *See In re Marriage of Damico,* 7 Cal.4th 673, 29 Cal.Rptr.2d 787, 872 P.2d 126 (1994); *In re Marriage of McLucas,* 210 Cal.App.3d 83, 258 Cal.Rptr. 133 (1989); *see also Graham v. Graham,* 174 Cal.App.2d 678, 345 P.2d 316 (1959).

The trial court found no such circumstances or agreement here. Therefore, the trial court erred in determining that mother was estopped to enforce the judgment under California law.

 Under Colorado case law, a party asserting equitable estoppel must demonstrate that initially the case falls within certain limited circumstances such as uncompleted adoption proceedings. The support obligor must also reasonably have relied to his detriment on the acts or representations of the other party and show that he or she had no knowledge or convenient means of knowing the facts. *In re Marriage of Murray,* 790 P.2d 868 (Colo.App.1989). *In re Marriage of Dennin,* 811 P.2d 449 (Colo.App. 1991); *see In re Marriage of Greenblatt, supra* (equitable grounds may be relevant in determining the amount of support).

Here, the court found that there was no agreement for reduced support, and we conclude, as a matter of law, that father's failure to pay the ordered amount or seek a modification did not fall within any of the special circumstances for which equitable estoppel is applicable. *See In re Marriage of Miller,* 790 P.2d 890 (Colo.App.1990). Further, he plainly had knowledge of his continuing obligation under the existing California decree.

### IV. Laches

We perceive no basis for the application of the doctrine of laches here. *See In re Marriage of Damico, supra; In re Marriage of Meisner,* 807 P.2d 1205 (Colo.App.1990).

The order is reversed, and the cause is remanded to the trial court for further proceedings to enter and enforce the judgment for the unpaid support.

ROTHENBERG and CASEBOLT, JJ., concur.