In re the MARRIAGE OF Mary Kaye ROBB, Appellee,

and

Arlo R. Robb, Appellant.

No. 96CA0562.

Colorado Court of Appeals, Div. II.

Feb. 20, 1997.

Joseph W. Olt, Jr., Cortez, for Appellee.

Kent F. Williamson, P.C., Kent F. Williamson, Cortez, for Appellant.

Opinion by Judge CRISWELL.

In this post-dissolution proceeding, Arlo R. Robb (father) appeals from the order of the trial court which denied his motion to terminate or modify child support. We reverse.

Father's nineteen-year marriage to Mary Kaye Robb (mother) was dissolved in 1987. The marriage produced four children. The

parties' separation agreement, which was incorporated into the decree, required father to pay child support in the amount of $150 per month for each child until each child "reaches the age of twenty-one, or has completed four years of college, whichever shall occur later, or is *emancipated by law,* dies, or until further order of the Court." (emphasis supplied)

On November 6, 1995, father moved to terminate his support obligation as to two of the children who were then 19 and 22 years old. Father's support obligation had already terminated as to the parties' oldest child, then aged 24, and modification of child support as to the parties' youngest child, then aged 13, was to be decided by separate agreement of the parties and is not at issue in this appeal.

Father requested the termination of support pursuant to § 14–10–115(1.5), C.R.S. (1996 Cum.Supp.) which, in relevant part, provides that:

(a) Unless a court finds that a child is otherwise emancipated, *emancipation occurs and child support terminates when the child attains nineteen years of age* unless one or more of the following conditions exist:

(I) The parties agree otherwise in a written stipulation *after July 1, 1991.*

(II) If the child is mentally or physically disabled. . . .

(III) If the child is still in high school or an equivalent program. . . .

(b) (I) If the court finds that it is appropriate for the parents to contribute to the costs of a program of postsecondary education, then the court shall terminate child support and enter an order requiring both parents to contribute . . . . for the education expenses of the child. . . . In no case shall the court issue orders providing for both child support and postsecondary education to be paid for the same time period for the same child regardless of the age of the child. . . . The order for postsecondary education support may not extend beyond the earlier of the child's twenty-first birthday or the completion of an undergraduate degree. . . .

(c) This subsection (1.5) shall apply to all child support obligations established or modified as a part of any proceeding . . . . *whether filed on, prior to, or subsequent to July 1, 1991 . . . .*

(d) Postsecondary education support may be established or modified in the same manner as child support under this article. (emphasis supplied)

Mother has not requested, and the court has not entered, any order respecting postsecondary education pursuant to § 14–10–115(1.5)(b), C.R.S. (1996 Cum.Supp.).

In its order denying father's motion, the trial court held that, because there had been no allegation of an unforeseen change in circumstances, father's support obligation under the separation agreement was binding notwithstanding the provisions of § 14–10–115(1.5). We disagree.

Here, the parties' agreement specifically provides that father's obligation for support will terminate when each child becomes "emancipated by law." Further, § 14–10–115(1.5) is equally clear that emancipation will take place for child support and other purposes upon the child reaching the age 19. And, this is so, whether the child support obligation was established or modified before or after July 1, 1991, the effective date of this emancipation statute.

Since there is no allegation that either child is disabled or still in high school, the only exception possible would be if the parties had agreed, *after* July 1, 1991, that support should continue beyond age 19. However, no such agreement was executed by the parties here.

Hence, application of the unambiguous terms of the statute to the unambiguous terms of the parties' stipulation leads to the conclusion that father's obligation to support the 19–year old and the 22–year old ceased when each child became emancipated under § 14–10–115(1.5).

Further, while the parties have referred us to *In re Marriage of Huff,* 834 P.2d 244 (Colo.1992), that opinion is not relevant to the issue presented here. As that opinion makes clear, § 14–10–115(1.5) was enacted after the proceedings at issue there.

The order of the trial court is reversed, and the cause is remanded with directions to enter an order consistent with the views set forth in this opinion.

PLANK and KAPELKE, JJ., concur.