In re the MARRIAGE OF Teri L. DION, f/k/a Teri L. Holland, Appellee,

and

Thomas V. Holland, Appellant.

No. 96CA0696.

Colorado Court of Appeals, Div. I.

Sept. 18, 1997.

Rehearing Denied Nov. 28, 1997.

Frolich & Jensen, LLC, Lindy Frolich, Rebecca Steinebrey, Denver, for Appellee.

Christopher L. Hardaway, Denver, for Appellant.

Opinion by Judge CRISWELL.

Thomas V. Holland (father) appeals from the trial court's determination that he was in contempt of court for failing to pay Teri L. Dion (mother) child support for the period after their daughter reached the age of 19 and before she became 21, and directing father to pay mother $7,303.49 in back child support payments and the attorney fees incurred by mother in prosecuting the contempt proceedings. We affirm.

We note, preliminarily, that father has failed to provide to us a transcript of the testimony received by the court during the contempt proceedings; we have only the clerk's record, which contains only the par-

ties' pleadings and the court's order. Hence, to the extent that the propriety of the court's actions may depend upon evidence presented by the parties, we must presume that the record supports those actions. *See In re Marriage of Hoffman,* 878 P.2d 103 (Colo. App.1994).

### I.

Father first asserts that the trial court erred in disregarding § 14–10–115(1.5)(a), C.R.S.1997, which provides that emancipation occurs, and child support terminates, when a child attains the age of 19 years, subject to certain exceptions not applicable here. We disagree.

The record here reflects that the parties' original 1977 agreement respecting child support required father to pay support to mother until the child reached 21 years of age. That agreement was adopted as an order of court, and while it was amended in 1987 to increase the amount of the payments to be made, it has not otherwise been changed, nor has any motion to modify it been filed.

The parties' child was born in August 1974, and father was reasonably current on his support obligations until 1993, when the child became 19, at which time father ceased making all support payments, and it was his failure to pay after this time that was the basis for the court's contempt finding.

Father claims that § 14–10–115(1.5), which purports to relieve parents of the obligation to support a child after age 19, automatically relieved him of the obligation imposed by the previous court order. Such a claim, however, flies in the face of the clear, unambiguous, provisions of § 14–10–122(4), C.R.S.1997, which was adopted by the General Assembly as a part of the same bill that contained § 14–10–115(1.5). *See* Colo. Sess. Laws 1991, ch. 38, at 234–238.

Section 14–10–122(1)(a), C.R.S.1997 provides, generally, that, to modify child support payments, a substantial change in the parties' circumstances must be shown. Further, any modification in such payments is to be effective only with respect to installments accruing after the date the motion to modify is filed.

Section 14–10–122(4) created an exception to this general rule. That statute reads, in pertinent part, as follows:

Notwithstanding the provisions of subsection (1) of this section, the provisions of any decree respecting child support may be modified as a result of the change in age for the duty of support as provided in section 14–10–115(1.5), *but only as to installments accruing subsequent to the filing of the motion for modification ....* (emphasis supplied)

The plain language of § 14–10–122(4) makes clear that the change in the age of emancipation and the resulting change in the duty of support will affect a parent's support obligation, created by a prior court order, only if a motion to modify that order is filed and only with respect to those support payments coming due after such filing.

Here, father filed no motion to modify. Hence, under the specific terms of § 14–10–122(4), § 14–10–115(1.5) did not automatically modify any obligation of support imposed upon him by the previous court order. The latter statute, therefore, provided no justification for his failure to pay and no defense to the charge of contempt levied against him.

### II.

Father also contends that the trial court erred in denying his second motion to continue the hearing on the contempt citation. We find no error.

The grant or denial of a continuance is a matter entrusted to the sound discretion of the trial court, and the trial court's decision will not be disturbed on review absent a clear abuse of that discretion. *In re Marriage of Baisley,* 749 P.2d 446 (Colo.App. 1987).

Here, the record shows that father's first request for a continuance was granted. Thereafter, an attorney was appointed for father, and the record does not show that another request was made. Further, although father asserts that the trial court did not allow him time to subpoena the minor

child as a witness, the record presented to us fails to describe how the trial court prevented him from doing so. Finally, father has not shown that any relevant information could not have been obtained, just as adequately, from the examination or cross-examination of mother. Accordingly, we find no abuse of discretion. *In re Marriage of Howard,* 42 Colo.App. 457, 600 P.2d 93 (1979).

■ We also reject father's suggestion that the trial court should have *sua sponte* granted a continuance based upon the documentation that he had suffered a head injury. *See People In Interest of J.F.,* 672 P.2d 544 (Colo.App.1983) (error cannot be so predicated when counsel had failed to make request).

Although father presented a physician's statement that a recent injury caused him some problems with his memory, his response to the order to show cause illustrates that, notwithstanding this injury, he was able coherently to set forth several defenses to the assertion that he was in contempt. And, he has not suggested, nor does the record presented to us establish, that he is aware of any relevant evidence not received by the court.

### III.

■ Father finally asserts that he received ineffective assistance of counsel as a result of his counsel's failure to renew the motion to continue on the same bases that had previously been raised. We disagree.

First, without a record of the proceedings before the trial court, we cannot verify that his counsel did *not* renew the pertinent motion.

■ Nevertheless, the Sixth Amendment right to counsel afforded criminal defendants must be extended to contempt proceedings, both civil and criminal, which may result in imprisonment of the contemnor. However, to sustain a claim of ineffective assistance of counsel, the burden rests on father to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Griffin v. Jackson,* 759 P.2d 839 (Colo.App.1988).

Here, father has not met his burden of showing either element of this test.

### IV.

■ Finally, in the absence of a transcript, we presume that the award of attorney fees to wife's counsel, for an amount of time that was essentially equal to that spent by father's court-appointed counsel, was appropriate.

Order affirmed.

METZGER and MARQUEZ, JJ., concur.