2012 COA 71

### In re the MARRIAGE OF Nicole BEATTY, f/k/a Nicole Crawford, f/k/a Nicole Turner, Appellant,

and

### Jeff W. TURNER, Appellee.

### No. 11CA0205.

Colorado Court of Appeals, Div. VI.

April 26, 2012.

issue; (4) that the evidence is necessary to the defendant's case; and (5) that the probative value of the evidence outweighs its prejudicial effect." 456 N.W.2d at 335. Here, Pierson's offer of proof contained facts establishing each of these factors.

The Westerfield Law Firm, LLC, Zachary S. Westerfield, Denver, Colorado, for Appellant.

Warkentine Law Office, Lee D. Warkentine, Broomfield, Colorado, for Appellee.

Opinion by Judge HAWTHORNE.

¶ 1 In this post-dissolution decree proceeding to modify child support, Nicole Beatty (mother) appeals from the district court's order, adopting the magistrate's order, which calculated the child support arrearages owed by Jeff W. Turner (father). We affirm in part, reverse in part, and remand for further proceedings.

¶ 2 The parties' marriage was dissolved by decree in 2001. Under the permanent orders, father was ordered to pay mother $1,155 in monthly child support. The permanent orders also required father to pay an additional $100 per month if he did not take a co-parenting class.

¶ 3 In 2009, father objected to a writ of withholding issued by a Texas state court to

garnish his wages to recover both child support and arrearages. Father also filed a motion requesting that child support be modified retroactively, claiming that the parties had agreed to reduce his child support obligation and that he had consistently paid the stipulated monthly amount to mother. He also requested that child support be modified prospectively, claiming that his income had decreased and mother's income had increased. The magistrate stayed the writ as to arrearages and set the matter for hearing.

¶4 Following an evidentiary hearing, the magistrate entered an order modifying child support, based on the parties' current incomes, reducing father's monthly obligation to $920 effective the date he filed his motion (first order). The magistrate took the arrearages issue under advisement pending the parties submitting briefs. After considering the parties' briefs, the magistrate entered judgment for mother for $3,919.88 in support arrearages (second order). The magistrate also set aside a provision in the decree requiring father to attend a parenting class. The magistrate found that the parties reached "out-of-court agreements modifying child support and that [mother was] equitably estopped from collecting the difference between the court-ordered support and the lower amount of support agreed to by the parties."

¶5 Mother sought timely review after the magistrate's second order. On review, the district court rejected mother's contention that father failed to properly serve her with his objection and motion to modify. It found that, because the magistrate ruled on the sufficiency of the service of process at the hearing, but mother did not seek review of that ruling until after the magistrate's second order, it could not consider that issue. It also concluded that the magistrate's finding of an informal agreement to modify child support had evidentiary support and was not clearly erroneous. The court was not persuaded that the magistrate erroneously applied the equitable estoppel doctrine or abused her discretion, and presumed that the record supported the magistrate's factual findings because mother did not submit a hearing transcript with the record on review.

The court concluded that the child support and arrearages calculations were not clearly erroneous and that the magistrate did not err by vacating the prior order that father attend a parenting seminar. The court, therefore, adopted the magistrate's second order.

## I. Service of Process and Motion to Continue

¶6 Mother first contends that the magistrate erred by finding that service of process was proper and by denying her request for a continuance. We disagree with both contentions.

### A. Motion to Dismiss

¶7 Initially, we note that father moved to dismiss the service of process issue prior to briefing in this court because mother failed to timely appeal the magistrate's first order. A motions division considered the motion and denied it. We agree with the motions division's order.

¶8 Here, the magistrate did not enter a final order until after receiving the parties' post-hearing briefs. Therefore, mother's petition to review was timely as to all the issues she has raised in this appeal. *See In re Marriage of Roosa,* 89 P.3d 524, 529 (Colo. App.2004) (in the interest of judicial economy, a magistrate's order must fully resolve an issue before it may be reviewed by the district court or appealed to the court of appeals).

### B. Service of Process

¶9 Because a final, reviewable order did not exist until after the magistrate entered the second order calculating arrearages, the district court improperly concluded that it lacked jurisdiction to review the service of process issue. Nevertheless, we need not remand to the district court to consider this issue because mother waived that defense by failing to challenge the service's sufficiency in a responsive pleading before the hearing. *See* C.R.C.P. 12(h).

### C. Motion to Continue

¶ 10 We need not decide whether mother adequately sought review of the magistrate's denial of her request for a continuance in her petition to review. Mother's request for a continuance purportedly occurred at the hearing, but she did not designate the hearing transcript in the record on review to the district court. Therefore, mother cannot show that she preserved the issue for purposes of this appeal. *See* C.A.R. 28(k)(2) (appellant must cite to the precise location in the record where an issue was raised and ruled on). Further, absent a transcript, the district court was required to presume that the record supported the magistrate's ruling in that regard. C.R.M. 7(a)(9).

### II. Equitable Estoppel

¶ 11 Mother next contends that the magistrate erred by applying the equitable estoppel doctrine to enforce the parties' oral agreements to reduce child support. We agree.

¶ 12 Child support is for the child's benefit and not the parent's, *In re Marriage of Aldrich*, 945 P.2d 1370, 1376 (Colo.1997), and "[t]he parties cannot, by contract, escape their responsibilities to provide adequate child support." *Combs v. Tibbitts*, 148 P.3d 430, 434 (Colo.App.2006). Thus, any stipulation regarding the amount of child support is not effective unless the court reviews and approves it to ensure the amount's adequacy under statutory guidelines. § 14–10–115(8)(d), C.R.S.2011. Pursuant to section 14–10–122(1)(c), C.R.S.2011, a court-ordered child support payment becomes a final money judgment "when it is due and not paid" and such judgment "shall not be retroactively modified." *Combs*, 148 P.3d at 434; *In re Marriage of Greenblatt*, 789 P.2d 489, 491–92 (Colo.App.1990).

¶ 13 The equitable estoppel doctrine may provide an exception to the rule to allow relief from accrued arrearages. *In re Marriage of Dennin*, 811 P.2d 449, 450–51 (Colo.App.1991). However, the party claiming estoppel must demonstrate both reasonable and detrimental reliance on the other party's acts or representations and a lack of knowledge or convenient means of knowing the facts. *Id.* at 450; *In re Marriage of Anthony–Guillar*, 207 P.3d 934, 944 (Colo.App. 2009); *see also Jefferson County School Dist. No. R–1 v. Shorey*, 826 P.2d 830, 841 (Colo. 1992) ("[e]quitable estoppel is not a favored doctrine"; "the party asserting the estoppel must detrimentally rely on the other party's conduct"). Accrued child support arrearages will be abated only under extremely limited circumstances, such as concealment of the child or uncompleted adoption proceedings. *In re Marriage of Barone*, 895 P.2d 1075, 1077 (Colo.App.1994); *Dennin*, 811 P.2d at 450; *see also Chitwood v. Chitwood*, 92 Ark. App. 129, 211 S.W.3d 547, 552–54 (2005) (father detrimentally relied by giving up visitation rights); *Truman v. Truman*, 256 Neb. 628, 591 N.W.2d 81, 84–85 (1999) (father detrimentally relied by assuming custody of the child); *Cope v. Cope*, 231 P.3d 737, 740 (Okla.Ct.App.2009) (father detrimentally relied by giving up visitation rights); *State ex rel. Barbara Jean S. v. Stephen Leo S.*, 198 W.Va. 234, 479 S.E.2d 895, 901 (1996) (father detrimentally relied by agreeing to support three other children).

¶ 14 Here, the magistrate credited father's testimony that the parties informally agreed to reduce his support obligation in January 2003 and, again, in January 2006.

¶ 15 We must presume, absent a transcript, that the evidence supported the magistrate's findings that

- father was more credible,
- the parties agreed twice to reduce the child support amount,
- mother accepted each reduced payment without notice to father that at some point she would seek to collect the difference between the reduced payments and the court-ordered payments,
- father made the reduced payments in reliance on mother's tacit, longstanding agreement with the modified amounts, and
- the child had suffered no detriment.

*See In re Marriage of Green*, 169 P.3d 202, 203 (Colo.App.2007).

¶ 16 Despite these findings, the magistrate's order contains no findings that father had *detrimentally* relied on mother's acts or representations. Indeed, father argues only that it would be unfair and unjust to enforce the original child support order because it included expenses for day care the child no longer needed and that, as the magistrate noted, he relied on mother's tacit agreement to the reduced support amounts without any way of knowing she would later seek to enforce the original order. However, father does not allege, and the record contains no evidence showing, that he either was unaware of his continuing obligation under the original support order or lacked the knowledge and means to seek modification of it. Further, other than paying the reduced amount, father does not allege that he took any action in reliance on the reduced support agreement, such as incurring additional expenses for either the child or himself. *See Shroyer v. Kauffman*, 75 Ark. App. 267, 58 S.W.3d 861, 865 (2001) (paying reduced amount of child support is not detrimental reliance); *Baker v. Showalter*, 151 N.C.App. 546, 566 S.E.2d 172, 174–75 (2002) (same).

¶ 17 In addition, the magistrate's factual findings do not reveal any special circumstances justifying relief based on equitable estoppel. *See Barone*, 895 P.2d at 1077 (concluding as a matter of law that the father's failure to pay the ordered amount or seek a modification did not fall within any of the special circumstances for which equitable estoppel is applicable).

¶ 18 For these reasons, we conclude that the magistrate erroneously abated the arrearages father owed under the original support order and we reverse the district court's order in that regard. *See In re Marriage of Rosenthal*, 903 P.2d 1174, 1177 (Colo.App. 1995) (trial court determining motion to modify child support was not bound by magistrate's ultimate conclusion regarding amount of child support to be paid). Consequently, we remand to the district court to vacate the magistrate's order awarding reduced arrearages to mother and to return the case to the magistrate to recalculate the arrearages that were owed and unpaid under the original support order.

## III. Father's Income

¶ 19 Mother also challenges the income that the magistrate attributed to father and used for calculating his current child support obligation. Because the hearing transcript was not provided to the district court, and consequently, is also not in the record on appeal, we, like the district court, must presume that the determination of father's income is supported by the evidence and is not clearly erroneous. *Scoular Co. v. Denney*, 151 P.3d 615, 617 (Colo.App.2006) (absent a transcript, we must be guided by the presumption that the evidence fully supports the trial court's factual findings).

## IV. Parenting Class Order

¶ 20 Mother argues that the magistrate erred by setting aside the requirement that father attend a parenting class. We disagree.

¶ 21 As the district court held, the magistrate had authority under C.R.M. 6(b)(1)(B) as part of her power to preside over all motions to modify permanent orders. Further, without a transcript, we must presume that the magistrate acted within her discretion and with evidentiary support by suspending that requirement and relieving father of any associated monetary obligation.

## V. Attorney Fees and Costs

¶ 22 Mother requests an award of her attorney fees and costs under section 14–10–119, C.R.S.2011. We may consider the request only insofar as it pertains to attorney fees on appeal. *See* C.A.R. 39.5. However, because the district court is better situated to resolve the factual issues associated with the entitlement to attorney fees under section 14–10–119, we exercise our discretion under C.A.R. 39.5 and remand for the request to be considered by the district court.

¶ 23 Mother also requests her costs on appeal. However, because she only prevailed partially, we decline to tax the appeal's costs against father. *See* C.A.R. 39.

¶ 24 We deny father's request for attorney fees on appeal under section 13–17–

101, C.R.S.2011, because mother's appeal was not frivolous.

¶ 25 Our disposition of the foregoing issues makes it unnecessary to address mother's remaining issues.

¶ 26 The order is reversed as to the calculation of the child support arrearages, and the case is remanded for the district court to recalculate the arrearages and consider mother's request for appellate attorney fees. In all other respects, the order is affirmed.

Judge CASEBOLT and Judge J. JONES concur.