2014 COA 145

## IN RE the MARRIAGE OF Carolyn S. JOHNSON, Appellee,

### and

## William Michael Johnson, Appellant.

### Court of Appeals No. 13CA1309

Colorado Court of Appeals,
Div. II.

Announced October 23, 2014

Carolyn S. Johnson, Pro Se

Holland & Hart, LLP, Christina F. Gomez, Bradford J. Williams, Denver, Colorado, for Appellant

OPINION PREVIOUSLY ANNOUNCED AS "NOT PUBLISHED PURSUANT TO C.A.R. 35(f)" on August 28, 2014, IS NOW DESIGNATED FOR PUBLICATION

Opinion by JUDGE MÁRQUEZ *

¶1 William Michael Johnson (father) appeals a district court order adopting a magistrate's ruling entering judgment against him for child support arrearages and interest. We affirm in part, reverse in part, and remand for further proceedings.

## I. Background

¶2 Father's marriage to Carolyn Sue Johnson, now known as Carolyn Sue Hodgson, (mother) ended in 1983, and he was ordered to pay $400 in monthly child support for their two children. In September 2012, mother requested that judgment enter for $893,285 in child support arrearages and interest. Father objected, asserting, among other things, that under the applicable twenty-year statute of limitations, mother could only collect arrearages accruing after September 1992. He requested a hearing to establish the amount of child support paid after September 1992. The magistrate entered judgment for mother for the full amount requested, without addressing father's contention or his hearing request.

¶3 Father petitioned for district court review of the magistrate's order under C.R.M. 7(a). The court ruled that the twenty-year statute of limitations applied, vacated the magistrate's order, and remanded the matter for an evidentiary hearing to re-determine the amount of arrearages for which judgment should enter. After the hearing, the magistrate, as relevant here, rejected father's arguments that (1) child support had terminated when the parties' last child turned nineteen in July 1995; and (2) laches barred mother's right to collect interest.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24-51-1105, C.R.S. 2014.

The magistrate entered judgment for $23,260 for arrearages between September 1992 and July 1997, when the parties' last child turned twenty-one, plus interest under section 14-14-106, C.R.S.2013, which resulted in a total judgment against father of $155,000.

¶ 4 Father again petitioned for district court review, and the court adopted the magistrate's order.

## II. Father's Appeal

¶ 5 Father raises three contentions: (1) the magistrate's finding of $23,260 in arrearages lacks record support and is thus clearly erroneous; (2) child support terminated automatically on July 17, 1995, when the parties' last child turned nineteen, and therefore the magistrate erred by assessing arrearages thereafter; and (3) the district court erred in holding that laches did not apply as a matter of law to mother's right to collect interest on the arrearages. Because we conclude that father's child support obligation terminated when the parties' last child turned nineteen, and thus remand the case for redetermination of arrearages, we do not address father's first contention concerning the magistrate's arrearages calculation through July 1997. We reject his contention that laches may apply to bar mother's right to collect interest on the arrearages.

## A. Father's Child Support Obligation Terminated When the Parties' Last Child Turned Nineteen

¶ 6 We review the magistrate's and district court's legal conclusions, including as to the interpretation and application of statutes, de novo. *See In re Parental Responsibilities Concerning B.J.*, 242 P.3d 1128, 1132 (Colo. 2010).

¶ 7 At the time of the parties' 1983 dissolution, child support was owed until a child emancipated, which was presumptively at age twenty-one. *See Koltay v. Koltay*, 667 P.2d 1374, 1376 (Colo.1983). In 1991, the applicable statute was amended to provide that emancipation occurs and child support terminates, except under certain exceptions not applicable here, when a child attains nineteen years of age. *See* ch. 38, sec. 1,

§ 14–10–115(1.5)(a), 1991 Colo. Sess. Laws 234. The legislature specified that this amendment applied to all child support obligations established before July 1, 1991, except those for children who had turned nineteen before July 1, 1991. *See* ch. 38, sec. 1, § 14–10–115(1.5)(c), 1991 Colo. Sess. Laws 235–36.

¶ 8 Here, the parties' last child turned nineteen, and thus emancipated for child support purposes under the then applicable statute, on July 17, 1995. After this date, father's obligation to pay child support ceased. *See In re Marriage of Robb*, 934 P.2d 927, 928 (Colo.App.1997).

¶ 9 In 2007, the statute was recodified and modified to its present form: "[f]or child support orders entered prior to July 1, 1997 ... emancipation occurs and child support terminates without either party filing a motion when the last or only child attains nineteen years of age...." Ch. 379, sec. 3, § 14–10–115(15)(b), 2007 Colo. Sess. Laws 1649; *see* § 14–10–115(15)(b), C.R.S.2013. Again, the statute provides certain exceptions, none of which apply here. *See* § 14–10–115(15)(b)(I)–(V).

¶ 10 Accordingly, applying the plain language of the statute, as we must, because the parties' last child under their 1983 child support order turned nineteen on July 17, 1995, father's child support obligation terminated on that date, without the need for a motion to modify. *See Reid v. Berkowitz*, 2013 COA 110, ¶ 20, 315 P.3d 185 ("[W]e presume that the General Assembly meant what it clearly said.").

¶ 11 In determining that father's child support obligation did not automatically terminate in July 1995, the magistrate relied on *In re Marriage of Dion*, 970 P.2d 968, 970 (Colo. App.1997), where the division held that the statutory change in the age of emancipation was effective only as to child support payments accruing after the obligor parent filed a motion to modify. *See* § 14–10–122(4), C.R.S.2013. The existing child support order in *Dion*, however, unlike the order in the present case, expressly required that child support be paid until the child reached twenty-one years of age. *See* 970 P.2d at 970; *see also In re Marriage of Chalat*, 112 P.3d 47,

50–58 (Colo.2005) (addressing effect of intervening statutory change on the parent's prior express agreement to pay college costs). Thus, the obligor parent in *Dion* would have been required to file a motion to modify in order to terminate this particular support obligation regardless of the intervening statutory change in the age of emancipation. Accordingly, we conclude that *Dion* does not apply in the present case where the existing order did not require that child support be paid until the child reached any specific age.

¶ 12 Further, and as father points out, at the time *Dion* was decided, the statute did not contain its current language clarifying that child support, under orders entered before 1997, terminates for a last or only child without the need of a motion. Here, because the child at issue is the parties' last child, section 14–10–122(4), which requires a motion to modify, does not apply. *Cf. In re Marriage of Schmedeman*, 190 P.3d 788, 793 (Colo.App.2008) ("[O]utright termination of the support obligation affecting all children is permitted without a motion."). Rather, under the plain language of section 14–10–115(15)(b), father's obligation under the 1983 child support order, which did not specify any other age for emancipation or for terminating child support, terminated without a motion when this child turned nineteen. Thus, the magistrate erred in determining arrearages after July 17, 1995.

### B. Laches Does Not Bar Mother's Right to Statutory Interest

▮ ¶ 13 Under section 14–14–106, interest "at four percent greater than the statutory rate ... on any arrearages and child support debt due and owing may be compounded monthly and may be collected by the judgment creditor; however, such interest may be waived by the judgment creditor." A court is without discretion to deny interest under the statute. *In re Marriage of Schutte*, 721 P.2d 160, 162 (Colo.App.1986). And only the judgment creditor has the option to waive such interest. *In re Marriage of Tognoni*, 313 P.3d 655, 659–60 (Colo.App. 2011).

▮ ¶ 14 "Waiver is the intentional relinquishment of a known right."

▮ ¶ 15 *In re Marriage of Hill*, 166 P.3d 269, 273 (Colo.App.2007). Waiver may be implied from a party's conduct, but only if such conduct is free from ambiguity and clearly manifests the intent not to assert the benefit. *Id.; In re Marriage of Robbins*, 8 P.3d 625, 630 (Colo.App.2000).

¶ 16 Laches, or unconscionable delay in asserting a right that prejudices the opposing party, *see In re Marriage of Lodeski*, 107 P.3d 1097, 1103 (Colo.App.2004), does not apply "to actions for the recovery of past due child support." *See In re Marriage of Meisner*, 807 P.2d 1205, 1207 (Colo.App.1990); *see also In re Marriage of Barone*, 895 P.2d 1075, 1077 (Colo.App.1994).

▮ ¶ 17 Accordingly, we conclude that a waiver of interest on child support arrearages cannot be implied here merely by mother's delay in pursuing arrearages, and the district court did not err in so ruling. In so concluding, we acknowledge the Colorado Supreme Court's recent decision in *Hickerson v. Vessels*, 2014 CO 2, ¶¶ 9, 18, 316 P.3d 620, holding that the separation of powers doctrine does not bar application of the defense of laches to a debt collection action that was filed within the statute of limitations period. Because the *Hickerson* decision does not address actions to recover past due child support, nor does it overrule *Meisner* or *Hauck v. Schuck*, 143 Colo. 324, 353 P.2d 79 (1960), on which *Meisner* relies, however, it does not compel a different result under the circumstances involved here. Accordingly, we follow *Hauck*, and subsequent decisions from other divisions of this court, in concluding that laches is not an available defense in actions to collect past due child support. *See Barone*, 895 P.2d at 1077; *Meisner*, 807 P.2d at 1207; *cf. In re Marriage of Beatty*, 2012 COA 71, ¶¶ 11–12, 279 P.3d 1225 (noting that parents cannot agree, without court approval, to reduce child support because such support is for the child's benefit and not the parent's).

¶ 18 Father's argument that mother's right to collect child support arrearages, which cannot be barred by laches, is distinct from her statutory right to collect interest on those arrearages, which can be so barred, is

unpersuasive. Although under section 14–14–106, mother could certainly have unequivocally elected to waive interest, such a waiver cannot be implied solely from her delay in seeking arrearages. *See Meisner*, 807 P.2d at 1207; *cf. Robbins*, 8 P.3d at 630 (upholding trial court's finding of waiver of interest by child support enforcement agency when agency actively sought child support arrearages from the obligor parent and did not include interest in its multiple representations of the amount owed).

## III. Remand Instructions

¶ 19 The record reflects that the parties agreed at the hearing before the magistrate that father had paid all child support he owed between September 1992 and July 1994, when their last child turned eighteen. And father acknowledged that he paid no support at all after the last child turned eighteen, and he therefore conceded that he owes $4800 in arrearages for the period between July 1994 and July 1995 (his $400 per month obligation for twelve months). · Thus, on remand, the court should calculate interest under section 14–14–106, on the $4800 in arrearages owed, and enter judgment for mother accordingly.

## IV. Conclusion

¶ 20 The district court's order adopting the magistrate's arrearages and interest determination is reversed in part, and affirmed in part, and the case is remanded for further proceedings as provided herein.

JUDGE CASEBOLT concurs.

JUDGE BERGER specially concurs.

JUDGE BERGER specially concurring.

¶ 21 The doctrine of laches provides a needed "safety-valve" in unusual cases. The proper application of laches can prevent substantial injustice that cannot otherwise be prevented. While I join fully in the majority's opinion, two disparate lines of authority lead me to write separately in this case.

¶ 22 The first is the supreme court's decision in *Hauck v. Schuck*, 143 Colo. 324, 353 P.2d 79 (1960). The majority properly relies upon *Hauck* to reject husband's contention that the interest component of the child support arrearage is barred by laches. *Hauck* squarely holds that child support arrearages are not subject to laches, offers no exceptions to that rule, and we are bound by that holding.

¶ 23 The second line of authority addresses the application of laches generally. Earlier this year, the supreme court put to rest arguments that laches can be a defense only to claims for equitable relief and cannot shorten the period for filing a claim if the claim has been filed within the statute of limitations. *Hickerson v. Vessels*, 2014 CO 2, ¶¶ 11, 16, 316 P.3d 620. The supreme court held that laches can be a defense to claims for both legal and equitable relief and that "legislatively prescribed limitations periods do not ordinarily preclude a laches defense" unless the legislature has acted to preclude the doctrine's operation. *Id.* at ¶¶ 11, 16–17. But *Hickerson* did not cite *Hauck*, much less expressly overrule it.

¶ 24 I write separately to express the view that the rationale of *Hickerson* is fully applicable, at least to the interest component of child support arrearages. While strong policy considerations might well support a rule that the principal amount of child support payments (which by operation of law automatically become judgments, *see* § 14–10–122(1)(c), C.R.S.2013) can never be barred by laches, the same cannot be said for statutory interest that accrues on such obligations. Depending upon how one views the record, this case may illustrate my point.

¶ 25 For these reasons, if I were writing on a clean slate and not bound by *Hauck*, I would hold that father is entitled to raise and litigate laches as a defense to the claim for accrued interest.