486 P.2d 38 (1971)
Frank B. CAREY, Plaintiff in Error,
v.
Barbara A. CAREY, Defendant in Error.
No. 70-658. (Supreme Court No. 24156.)
Colorado Court of Appeals, Div. II.
March 30, 1971.
Rehearing Denied April 20, 1971.
Certiorari Denied June 28, 1971.
*39 Albert Cohen, Denver, for plaintiff in error.
Felix D. LePore, Denver, for defendant in error.
Selected for Official Publication.
ENOCH, Judge.
This case was transferred from the Supreme Court pursuant to statute.
This is a divorce action in which the plaintiff in error, father, filed a motion for equitable relief from two judgments previously entered on arrearages for child support.
The parties were divorced on March 25, 1954. An order of support in the amount of $60 per month for their minor child, born June 22, 1951, was entered at that time. The mother testified that the father made payments regularly through 1957 and intermittently through 1960. Subsequent to the divorce, the mother remarried. In 1961, the mother and Gene Bender, her husband at that time, requested the father to consent to the adoption of the child by Bender. The father signed a consent to adoption form. However, the adoption proceeding was never completed due to the *40 mother's divorce from Bender. The father testified that he had no knowledge of the Bender divorce and that he considered his obligation of support terminated as of the date that he executed the adoption consent. The mother further testified that some time in 1963, upon finding herself in "desperate straits", she contacted the father and requested that he support the child. The father refused on the basis that he felt his obligation had terminated.
The mother remarried for the third time in 1964 to Cyril Rupp. She again requested the father to consent to the child's adoption, this time by Rupp. The father signed another adoption consent on August 31, 1964. However, this adoption proceeding, like the one in 1961, was also frustrated by the mother's divorce from Rupp.
The mother obtained two judgments for arrearages of support: the first, in the amount of $3,840, entered on December 2, 1964, before Judge Robert Fullerton, formerly of the Denver District Court; the second, in the amount of $1,440, entered on December 8, 1966, before Judge Henry E. Santo of the Denver District Court.
The father filed a motion for relief from the judgments on June 26, 1967, in the Domestic Relations Division of the District Court. The judge presiding in that division deferred consideration of the matter to Judge Santo, who had been assigned to another division. Judge Santo told the parties that he would hear the motion, but only insofar as it concerned his judgment entered December 8, 1966. The father was told that if he sought relief from the judgment entered by Judge Fullerton on December 2, 1964, that he would have to file the "appropriate motions."
At the conclusion of the hearing, the court denied the motion for relief as to the judgment of December 8, 1966.
On appeal, the father contends that the trial court erred in holding that there were no equitable grounds for relief and that the trial court erred in refusing to consider the judgment entered in 1964.
In considering these alleged errors, we adhere to the established principle that motions to vacate judgments are addressed to the sound discretion of the trial court and only when that discretion has been abused will the reviewing court interfere. Riss v. Air Rental, Inc., 136 Colo. 216, 315 P.2d 820. We also recognize the well-established rule of law that past due installments for support money under a valid order, constitute a debt and are in and of themselves judgments and a trial court had no power or authority to cancel such payments. Engleman v. Engleman, 145 Colo. 299, 358 P.2d 864. Berglund v. Berglund, Colo.App., 474 P.2d 800. There may, however, be grounds for equitable relief from such a judgment under certain circumstances as stated in Griffith v. Griffith, 152 Colo. 292, 381 P.2d 455.

I
The trial court did not err in holding that there were no equitable grounds for relief from its 1966 judgment.
The defense of laches is not available to the father in this case. Hauck v. Schuck, 143 Colo. 324, 353 P.2d 79, decided the question of whether the defense of laches is applicable in an action to enforce accrued child support payments ordered in a divorce action. That case held that the defense of laches was applicable only where the attempted enforcement is by contempt proceedings.
The court was correct in ruling that the element of reasonable reliance was lacking and thus, the father was not entitled to relief on the basis of estoppel.
It is essential in the proof of estoppel that a representation was made which was believed by the party claiming the benefits of estoppel and that he reasonably relied thereon and was influenced and misled thereby. Swedlund v. Denver Joint Stock Land Bank, 108 Colo. 400, 118 P.2d 460.
The second judgment was for support payments from December 2, 1964, to December 8, 1966. After the father signed *41 the second consent for adoption August 31, 1964, he made no effort to determine if in fact there were an adoption, nor did he seek any relief in court from the support obligation. The record does not indicate that he was lulled into a state of complacency about his obligations. He had ample experience of his own concerning obligations of support, having been required to support two children of a prior marriage in addition to the child which is the subject of this action, and at the time of the hearing was supporting two more children of his third marriage. Reliance alone is not enough, the reliance must be reasonable under the facts and circumstances of the case.
The father relies on Griffith v. Griffith, supra, for his assertion that the mother is estopped from collecting the accumulated arrearages. That case is distinguishable in that the court there found that there was not only reliance in fact by the father, but also acquiescence by the mother and there was also a finding that deceit, subterfuge, secrecy and fraud had been practiced upon the father.
Though there was some conflict in the evidence as to the facts of representation, belief and reliance, the court found the issues in favor of the mother and there is ample evidence to support such findings.
We find no merit to the other alleged errors in the court's ruling as to the 1966 judgment.

II
It is alleged that the court erred in ruling that it would not consider the father's motion for relief as to the judgment of December 2, 1964. We agree.
The father filed a motion seeking relief from both judgments. The judge that entered the order in 1964 was no longer on the bench. Thus, any judge of the Denver District Court had the authority to hear and rule on the motion as to this judgment. In declining to consider this judgment, the court said that the father would have to file the "appropriate motions". The "appropriate motion" had been filed and was before the court. The fact that the trial judge, at the time of the hearing, was assigned to a different division was no cause to require that the same motion on basically the same facts and identical points of law be presented and argued a second time before another judge. The father was entitled to a ruling on his entire motion; this he was denied by the court's action.
The judgment as to the December 8, 1966, judgment is affirmed. The case is remanded to the trial court for a full hearing and ruling on the motion relative to the December 2, 1964, judgment.
SILVERSTEIN, C. J., and DUFFORD, J., concur.