519 P.2d 1231 (1974)
Armida L. TREASTER, Plaintiff-Appellee,
v.
William Dale LAIRD, Defendant-Appellant.
No. 73-238.
Colorado Court of Appeals, Div. I.
February 5, 1974.
Rehearing Denied February 26, 1974.
Certiorari Denied March 25, 1974.
*1232 No appearance for plaintiff-appellee.
Cosgriff, Dunn, French & Seavy, John W. Dunn, Leadville, for defendant-appellant.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Plaintiff and defendant were divorced by decree entered in Wyoming in 1963. The decree ordered defendant, William Laird, to pay to plaintiff, Armida Treaster (formerly Laird) $150 per month for support for the parties' two minor children. Defendant stopped making payments in April, 1964, after plaintiff married Mr. Treaster and moved to Georgia. Defendant has resided in Colorado since some time in 1964. On March 16, 1972, plaintiff commenced this action to recover the unpaid monthly payments totalling $13,050. The trial court entered judgment against defendant for that sum, together with interest and costs. Defendant appeals from that judgment. We modify the judgment and, as modified, affirm.
Defendant asserts error in the trial court's denial of two of his affirmative defenses, namely; that plaintiff acquiesced in the nonpayment and is estopped from asserting the claim, and also that the claim is barred by the statute of limitations, C. R.S. 1963, 87-1-20.
As to the estoppel, defendant claims that at plaintiff's request he signed a consent to adoption of the children by Mr. Treaster. The plaintiff denies this, and the record discloses that the children were not so adopted. It is undisputed, however, that defendant made no attempt to contact plaintiff or their children after 1964, and made no inquiries relative to the asserted adoption. The trial court found no acquiescence, and held plaintiff was not estopped. This ruling is in accord with Carey v. Carey, 29 Colo.App. 328, 486 P.2d 38, and is affirmed.
C.R.S.1963, 87-1-20 provides, in substance, that a person against whom an action is brought in Colorado, based on a judgment rendered in a court outside this state more than six years prior to the commencement of the action, may plead such fact as a bar to the action in this state. Defendant asserts that this statute bars the entire claim. The trial court ruled that although the mother was the party plaintiff, the action was for the benefit of the minor children and that therefore the statute of limitations was tolled. We do not agree.
Just as defendant made no attempt to contact plaintiff, so plaintiff did not contact defendant, made no demands on him for payment, and did not tell defendant where she and the children lived during their residence in Georgia and later in Missouri. Under such circumstances, where the mother has supported the children, the recovery of arrears "is her own recovery and not that of the child. The recovery amounts simply to a reimbursement of the wife. She is the one who reaps the benefit." Price v. Price, 80 Colo. 158, 249 P. 648. See Griffith v. Griffith, 152 Colo. 292, 381 P.2d 455. Further, the law is well established that installments of *1233 alimony or support become final judgments on the dates they accrue, Hauck v. Schuck, 143 Colo. 324, 353 P.2d 79, Carey v. Carey, supra, and that the statute of limitations runs from the due date of each installment. See Annot., 70 A.L.R.2d 1250.
In Hauck v. Schuck, supra, it was held that the appropriate statute of limitations is that which pertains to judgments. Here the applicable statute is that relied on by defendant, C.R.S.1963, 87-1-20. It follows that all installments which became due more than six years prior to the bringing of this action are barred. Plaintiff is entitled to judgment only on installments falling due during the six years immediately prior to the beginning of the action, totalling $10,800. The judgment should be so modified.
The judgment is modified to reduce the principal amount of the judgment from $13,050 to $10,800 and, as so modified, is affirmed, and the cause remanded for the entry of judgment in conformity herewith.
ENOCH and RULAND, JJ., concur.