**Hilda A. LEAVITT, Petitioner-Appellant,**

v.

**Erlene M. SMITH, as Personal Representative of the Estate of A. Earl Mitchell, Respondent-Appellee.**

No. 85CA1293.

Colorado Court of Appeals, Div. I.

March 19, 1987.

Law Offices of Richard P. Daly, P.C., Richard P. Daly, Denver, for petitioner-appellant.

David L. Mitchell, Fort Collins, for respondent-appellee.

PIERCE, Judge.

Petitioner, Hilda Leavitt, appeals the summary judgment entered in favor of respondent, Erlene Smith, as personal representative of the estate of decedent, Archie Earl Mitchell (Mitchell). We affirm.

Petitioner and Mitchell were married until 1946, at which time an interlocutory decree of divorce was entered. This decree was entered in August 1946, and required Mitchell to pay $45 per month as child support for their minor child until further order of the court. The decree further provided that the divorce would be final after six months had expired from the date of its entry.

Payments were allegedly made in accordance with the decree until April 1947.

In June 1960, the minor child attained the age of 21 and child support payments ceased to accrue. However, at that time, no demand was made for the arrearages of child support, nor had demands been previously made.

Mitchell died on October 16, 1984. Thereafter, petitioner commenced this suit seeking unpaid child support from April 1947 until June 1960. Respondent moved for summary judgment contending petitioner's claim was time-barred by the statute of limitations. This motion was granted by the trial court, and this appeal ensued.

Because her claim is barred by a statute of limitation, we disagree with petitioner's contention that the trial court erred in granting summary judgment.

Although such claims must be reduced to formal judgment before execution may be had on them, *see In re Marriage of Woodrum*, 618 P.2d 732 (Colo.App.1980), there is no question that installment amounts of child support or alimony, if so reduced, become final judgments on the date they accrue. *Hauck v. Schuck*, 143 Colo. 324, 353 P.2d 79 (1960). Thus, the longest possible statute of limitations is that pertaining to judgments. *Hauck v. Schuck, supra*. This statutory time period begins to run from the due date of each installment. *See Treaster v. Laird*, 33 Colo.App. 297, 519 P.2d 1231 (1974).

Whether petitioner's claim was barred by § 13–52–102(2), C.R.S. (twenty-year limitation) or § 13–80–110(1)(b), C.R.S. (six-year limitation) is of no import here. Petitioner's claim for unpaid child support was filed far more than twenty years after June 1960, the final required payment date. Thus, even if we assume that arrearages became final judgments in June 1960, such a claim is still barred by both statutes.

Accordingly, the district court correctly granted defendant's motion for summary judgment, and that judgment is affirmed.

KELLY and METZGER, JJ., concur.