In re the MARRIAGE OF Leona
LYON, n/k/a Leona Chapman,
Appellee,

and

Ted Roger Lyon, Appellant.

No. 87CA0356.

Colorado Court of Appeals,
Div. IV.

Oct. 13, 1988.

Richard J. Bernick, Denver, for appellee.

Louis A. Morrone, Englewood, for appellant.

HUME, Judge.

In this proceeding under § 14–11–101(1), C.R.S. (1987 Repl. Vol. 6B), Ted Lyon (husband) appeals from a judgment entered against him in favor of Leona Chapman (wife) for unpaid installments of child support that accrued under an Oklahoma divorce decree and a later Colorado order which increased his support obligation. We affirm.

Ted Lyon and Leona Chapman were divorced on February 3, 1969, pursuant to an Oklahoma decree which required the husband to pay child support of $100 per month from February 1969 to December 1969 and $150 per month from January 1970 until the two children of the marriage reached majority or until the court ordered otherwise.

After both parties moved to Colorado, wife filed a petition with the Denver District Court pursuant to § 14–11–101(1). That section provides:

"Upon the docketing in a court of competent jurisdiction in this state of exemplified copies of all the written pleadings and court orders, judgments, and decrees in a case of divorce ... entered in any court of competent jurisdiction in any other state or jurisdiction having reciprocal provisions for like enforcement of orders, judgments, or decrees entered in the state of Colorado and upon obtaining jurisdiction by personal service of process as provided by the Colorado rules of civil procedure, said court in this state shall have jurisdiction over the subject matter and of the person in like manner as if the original suit or action had been commenced in this state, and is empowered to amend, modify, set aside, and make new orders as the court may find necessary and proper so as to do justice and equity to all parties to the action according to the public policy of this state, and has the same right, power, and authority to enter orders for temporary alimony, support money, and attorneys'

fees as in similar actions originating in this state."

Wife's petition, supported by exemplified copies of all pleadings, orders, decrees, and judgments of the Oklahoma court, requested that the Colorado court assume continuing jurisdiction over the Oklahoma decree. After obtaining jurisdiction pursuant to the statute, wife filed a motion requesting the court to increase the husband's child support obligation. The court, upon approving the parties' subsequent stipulation, ordered husband to pay $200 per month as child support effective May 1, 1984.

In October 1986, wife filed a motion requesting a judgment for all unpaid child support installments dating back to 1969. Husband contested the motion, asserting that some of wife's claims under the Oklahoma decree were barred by the six-year statute of limitations applicable to actions on foreign judgments, Colo.Sess.Laws 1979, ch. 143, § 13–80–119 at 629 (since repealed in accordance with Colo.Sess.Laws 1986, ch. 116, at 709).

> That statute provided in pertinent part: "It is lawful for any person against whom an action is commenced in any court of this state, wherein the cause of action accrued without this state … upon a judgment or decree rendered in any court without this state more than six years before the commencement of the action in this state to plead the same in bar of the action in this state."

Rejecting husband's affirmative defense, the trial court entered wife's requested judgment after determining that § 13–80–119 was inapplicable because it had been repealed at the time wife's motion was filed, and because a proceeding under § 14–11–101 is not an action upon a foreign judgment or decree within the meaning of § 13–80–119.

Husband argues that the trial court erred in determining that a proceeding to enforce a foreign support order under § 14–11–101 is not an action on a foreign judgment or decree within the meaning of § 13–80–119. We disagree.

In *Hunter Technology, Inc. v. Scott*, 701 P.2d 645 (Colo.App.1985), the court determined that where a creditor seeks enforcement of a foreign judgment in Colorado under the Uniform Enforcement of Foreign Judgments Act (UEFJA), § 13–53–107, C.R.S. (1987 Repl.Vol. 6A), the six-year limitation provision in § 13–80–119 is not applicable. The court reasoned that, under the terms of the UEFJA, the act of filing the foreign judgment and notice to the debtor made the foreign judgment the same as a Colorado judgment for all purposes. Thus, the court held that a proceeding under the UEFJA is not "an action" on a foreign judgment within the meaning of § 13–80–119.

Similarly, under the terms of § 14–11–101(1), upon docketing of the pleadings, orders, and decrees constituting the entire foreign support case and obtaining personal jurisdiction, a Colorado court is deemed to have jurisdiction "as if the original suit was brought in this state," and is empowered to modify the foreign order "according to the public policy of this state." The Colorado court has the same right to enter support orders "as in similar actions originating in this state." Thus, § 14–11–101(1) evidences a legislative intent that a foreign support order, docketed pursuant to the Act, be treated as if it were a Colorado support order for all purposes and in a manner consistent with the constitutional requirements of full faith and credit. *See In re Marriage of Glickman v. Mesigh*, 200 Colo. 320, 615 P.2d 23 (1980). We therefore hold that a proceeding to enforce a foreign support order under § 14–11–101(1) is not "an action" on a foreign judgment or decree within the meaning of § 13–80–119.

Husband's reliance on *Treaster v. Laird*, 33 Colo.App. 297, 519 P.2d 1231 (1974) is misplaced. In *Treaster*, the court did not decide the issue of whether the statute of limitations applicable to actions on foreign judgments applied to a proceeding under § 14–11–101(1). There is no indication in *Treaster* whether the wife sought to enforce the foreign child support order by proceeding under § 14–11–101(1), or whether she elected to enforce the obligation by proceeding under other available remedies.

**386**

*See Henry v. Knight,* 746 P.2d 1375 (Colo. App.1987) (listing three statutory remedies); C.R.C.P. 9(e) (specifying the general requirements of pleading a judgment of a foreign court).

Since we have determined that § 13–80–119 is not applicable to this case, we do not address husband's claim that the alternative basis for the court's entry of judgment was erroneous.

THE JUDGMENT IS AFFIRMED.

BABCOCK and NEY, JJ., concur.