In re the MARRIAGE OF Ferne DENNIN, a/k/a Ferne Lohf, Appellant,

and

David William LOHF, Appellee.

No. 89CA0477.

Colorado Court of Appeals, Div. IV.

April 25, 1991.

Donna J. Schmalberger, Denver, for appellant.

No appearance for appellee.

Opinion by Judge JONES.

Ferne Dennin (mother) appeals the trial court's order granting David William Lohf (father) limited equitable relief from child support arrearages. We affirm in part, reverse in part, and remand with directions.

On September 21, 1977, a decree was entered dissolving the marriage between the parties. The mother was awarded custody of the parties' daughter, and the father was ordered to pay $75 per month in child support.

The father complied with the decree until 1981 when the parties entered into an agreement in which the father agreed to consent to the child's adoption by her step-

father, in exchange for the termination of his support payments. The record reflects that the father had no contact with the mother or the child from the time of the 1977 decree until the agreement was reached in April 1981. The mother acknowledged that between April 1981 and June 1985, she neither informed the father of address changes nor notified him that the adoption had not been completed.

Although we agree with the mother that parents of minor children cannot agree to terminate prospectively either parent's child support obligation, *Wright v. Wright*, 182 Colo. 425, 514 P.2d 73 (1973); *Carey v. Carey*, 29 Colo.App. 328, 486 P.2d 38 (1971), we conclude that, here, the mother was equitably estopped from asserting her right to collect a portion of the child support arrearages.

The doctrine of equitable estoppel may provide an exception to the rule set forth in § 14–10–122(1)(c), C.R.S. (1990 Cum.Supp.) that past due child support payments constitute vested obligations which a trial court has no authority to cancel. *See* C.R.C.P. 60(b). The party asserting an estoppel claim must demonstrate that he reasonably relied to his detriment upon the acts or representations of the other person and that he had no knowledge or convenient means of knowing the facts. *Carey v. Carey, supra.*

The case of *In re Marriage of Greenblatt*, 789 P.2d 489 (Colo.App.1990) contains language suggesting that retroactive abatement is never available and that equitable grounds are relevant only in regard to determining the amount of child support awarded. We conclude, however, that the purpose of the statutory provisions, including § 14–5–110(2), C.R.S. (1987 Repl.Vol. 6B), relied upon by the court in *Greenblatt*, is to facilitate enforcement of support orders rather than to abrogate the authority of courts to apply equitable principles to ameliorate the enforcement of judgments for support arrearages when warranted by the existence of conditions that would render fundamentally unfair or unjust the enforcement of such judgments. *See* C.R. C.P. 60(b)(5). The *Greenblatt* court also

recognized that certain grounds presented in C.R.C.P. 60 may present bases for relief from such judgments.

The father in *Greenblatt* unilaterally stopped making child support payments when the parties' child left the mother's home to live with the father. Thereafter, although the child subsequently returned to live with the mother, the father did not resume making support payments. Thus, the father was aware of the circumstances which required him to resume support payments and could not be heard to contend, after the child returned to his mother, that he had relied to his detriment upon the acts or representations of the mother, and that he had no knowledge of the facts.

Here, the issues revolve around the parties' 1981 agreement providing for the father's termination of support in exchange for his consent to the child's adoption. The trial court, after hearing conflicting evidence, concluded, and we agree, that the father reasonably relied on the agreement and had neither knowledge of the fact that the adoption was not finalized nor any reasonable means by which to gain such knowledge.

Thus, we conclude that the doctrine of equitable estoppel may properly be applied to afford relief from accrued arrearages under such circumstances. *See In re Marriage of Murray*, 790 P.2d 868 (Colo.App. 1989) (specific statement by the court that if an agreement was entered terminating father's support obligation in return for consent to adoption, equitable estoppel could be asserted as a defense).

A child has an inherent right to support. *See In re Marriage of Murray, supra.* But, when a court, in the exercise of its equity power, determines that the mother intended that the child be adopted and conveyed that intention to the father, who reasonably relied upon such representation as the good faith intention of the mother, and the court finds that the parties agreed that the adoption was in the child's best interests, the court may conclude, as here, that the doctrine of equitable estoppel may properly be applied to grant relief to that party which relied, in good faith, on the

agreement to surrender his rights of parenthood. *Cf. In re Marriage of Murray, supra.*

Here, while there was conflicting evidence as to the facts surrounding the parties' representations, beliefs, and reliance, the trial court resolved those conflicts in favor of the father, and the record contains substantial evidence to support that determination. *See Carey v. Carey, supra.* Thus, we agree that the father may assert equitable estoppel with regard to the child support payments that accrued between April 1981 and June 1985.

However the trial court erred in concluding that the doctrine of equitable estoppel applied from June 1985 to December 1986. The record reflects that, in June 1985, the mother personally informed the father that the proposed adoption had not been completed. Therefore, after June 1985, the father had no reasonable basis for relying on the 1981 agreement and for refusing to comply with his support obligation.

Accordingly, that portion of the trial court's order holding that estoppel applied from June 1985 to December 1986 is reversed, and the cause is remanded with instructions to the court to modify its order to award child support arrearages for that period. The remainder of the order is affirmed.

HUME and REED, JJ., concur.