**In re the MARRIAGE OF Jacalyn K. PICKERING, Appellee,**

and

**Michael R. Pickering, Appellant.**

No. 96CA1174.

Colorado Court of Appeals, Div. II.

Oct. 30, 1997.

Rehearing Denied Dec. 4, 1997.

Mills & Weitzenkorn, P.C., Denise K. Mills, Denver, for Appellee.

The Law Offices of Steven M. Segall, Steven M. Segall, Andrew D. Haas, Lakewood, for Appellant.

Opinion by Judge ROTHENBERG.

In this post-dissolution of marriage proceeding, Michael R. Pickering (father) appeals the trial court order denying his request that Jacalyn K. Pickering (mother) pay child support retroactive to the date their child moved in with him, rather than the date in which he filed a motion for modification of support. He also appeals the order awarding the mother her expert witness fees but denying him attorney fees. We affirm.

Pursuant to their 1986 separation agreement which was approved by the court, the parties had joint custody of their child. They exercised approximately equal periods of parenting time, and neither paid a specific dollar amount of child support to the other because they were satisfied that each parent

equally contributed to the support of the child. By agreement, the mother provided health insurance and received the tax deduction for the child.

In February 1992, the child began living primarily with the father with the mother's consent. Neither party sought a modification of the original agreement. However, during tax years 1992, 1993, and 1994, both parents claimed the tax deduction for the child which resulted in an audit of the father's 1992 tax return.

In August 1995, the father moved for modification of custody and support. The mother agreed that he was the primary residential custodian and entitled to support, but disagreed with his contention that support should be retroactive to February 1992.

Following a hearing, the trial court granted the father's motion to modify support but made the support order retroactive to August 1995, when he filed his motion to modify. It also ordered each party to bear his or her own attorney fees and costs, except for $573 in expert witness fees which was awarded to the mother.

## I.

■ The father contends the support order should be made retroactive to February 1992, when the child began residing with him. We disagree and hold that the order for child support may only be made retroactive to the date his motion for modification was filed.

Initially, we note that there was no court order entered requiring payment of child support before this proceeding. Nevertheless, because both parties and the trial court have characterized this action as one for a modification of support rather than one for the establishment of child support, see 14–10–115(1), C.R.S.1997, we do the same.

Modification of child support is governed by 14–10–122, C.R.S.1997. More specifically, 14–1–122(1)(a) provides as relevant here that:

[C]hild support may be modified only as to installments accruing subsequent to the filing of the motion for modification and only upon a showing of changed circumstances that are substantial and continuing. . . .

Section 14–10–122(5), C.R.S.1997, upon which father relies, was added and became effective July 1, 1991. It provides that:

When a voluntary change of physical custody occurs, the provisions for support, if modified pursuant to this section, will be modified as of the date when physical custody was changed.

See *In re Marriage of Pote*, 847 P.2d 246 (Colo.App.1993); *In re Marriage of Foley*, 879 P.2d 452 (Colo.App.1994) (giving effect to 14–10–122(5) by holding that mother was not liable for unpaid child support under terms of modified dissolution judgment during time when child resided with her).

The following year, 14–10–122(1)(d), C.R.S. 1997, was added, effective August 1, 1992, which states that:

If . . . child support is modified pursuant to this section, the modification should be effective as of the date of the filing of the motion, unless the court finds that it would cause undue hardship or substantial injustice. In no instance shall the order be retroactively modified prior to the date of filing. (emphasis added)

■ It is not apparent why 14–10–122(1)(d) was enacted separately, rather than as an amendment to 14–10–122(1)(a), or why 14–10–122(1)(d) does not refer to 14–10–122(1)(a). Nevertheless, both subsections evidence a clear and manifest intent by the General Assembly to limit modifications of child support to the date the motion for modification was filed.

Where the language of a statute is unambiguous on its face, resort to legislative history is unnecessary and inappropriate. See *PDM Molding, Inc. v. Stanberg*, 898 P.2d 542 (Colo.1995). However, we may look to the rules of statutory construction as an aid.

If statutes enacted at the same or different sessions of the General Assembly are irreconcilable, the statute prevails which is latest in its effective date. Section 2–4–206, C.R.S. 1997. Also, if amendments to the same statute are enacted which are irreconcilable and one amendment does not refer to the other, the amendment prevails which is latest in its effective date. Section 2–4–301, C.R.S.1997.

If there is an irreconcilable conflict between a general provision and a special provision, the special provision prevails unless the general provision is the later adoption and the manifest intent is that the general provision prevail. Section 2–4–205, C.R.S. 1997.

Here, 14–10–122(5) plainly makes modification retroactive to the date of the voluntary change in physical custody. But 14–1–122(1)(a) and (d) are equally definitive in stating that support can be modified retroactively only to the date of the filing of a motion to modify. Further, 14–10–122(1)(d) was enacted latest and contains the General Assembly's unequivocal statement that "in no instance" shall the order modifying child support be retroactively modified prior to the date the motion for modification was filed.

Applying the principles of statutory construction set forth above, we therefore conclude that the unambiguous provisions of 14–10–122(5) conflict with 14–10–122(1)(a) and (d) and cannot be reconciled. See generally *Husson v. Meeker*, 812 P.2d 731 (Colo.App. 1991) (discussing two unambiguous but conflicting statutes). Accordingly, to the extent these statutes are inconsistent regarding the date to which an order modifying child support may be made retroactive, we conclude that 14–10–122(1)(d), read together with 14–10–122(1)(a), controls and repeals that portion of 14–10–122(5) by implication.

The trial court thus properly determined that the order for child support should be retroactive only to the date of the filing of the motion in August 1995. See 14–10–115(1)(d), C.R.S.1997.

Nothing in our conclusion alters any existing, otherwise valid rights that parties may have to enter into contractual arrangements regarding payment of child support.

## II.

■ Father next contends the trial court erred in awarding mother her expert witness fees and in denying his request for attorney fees. He maintains that the general provisions for recovery of costs for a prevailing party as set out in 13–16–105, C.R.S.1997 and C.R.C.P. 54(d) apply as to the expert witness fees. We disagree.

The Uniform Dissolution of Marriage Act contains a more specific provision governing costs and attorney fees in dissolution actions which provides that:

> The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this article and for attorney fees. . . .

Section 14–10–119, C.R.S.1997; see *In re Marriage of McCord*, 910 P.2d 85 (Colo.App. 1995). See also 2–4–205, C.R.S.1997 (special provision controls over general provision).

■ A trial court has wide discretion in awarding attorney fees and costs, see *In re Marriage of Oberg*, 900 P.2d 1267 (Colo.App. 1994), and its ruling will not be disturbed absent an abuse of discretion. *In re Marriage of McCord*, supra. We perceive no abuse of discretion here.

Order affirmed.

CRISWELL and ROY, JJ., concur.