**The PEOPLE of the State of Colorado, ex. rel. the STATE OF WYOMING, ex. rel. Michael WATSON, Appellee,**

v.

**Cindy STOUT, n/k/a Cindy Fritchell, Appellant.**

**No. 97CA2104.**

Colorado Court of Appeals, Div.II.

Nov. 27, 1998.

 

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and §24–51–1105, C.R.S.1998.

Harden, Hass, Haag & Hallberg, P.C., George H. Hass, County Attorney, Sean McGill, Assistant County Attorney, Fort Collins, Colorado, for Appellee

Nicolett B. Darling, Johnstown, Colorado, for Appellant

Opinion by Judge VOGT.

In this post-dissolution proceeding brought pursuant to the Uniform Interstate Family Support Act, §14–5–101, et seq., C.R.S.1998 (UIFSA), Cindy Stout (mother) appeals from a district court order confirming the registration of a foreign support order. We reverse and remand for further proceedings.

When mother's marriage to Michael Watson (father) was dissolved by a Colorado court in 1983, mother was granted custody of their two children and father was ordered to pay her $150 per month for child support. That order was modified in 1988 by an Alaska court; father was granted custody and mother was ordered to pay him $100 per month for the support of the children. In 1992, mother and father entered into an agreement whereby each would have custody of one child, and neither would pay child support to the other. This split custody arrangement was in effect until early 1995.

Father moved to Wyoming, where he received Aid to Families with Dependent Children payments from 1993 to 1996. The proceedings that gave rise to this appeal began in 1996, when the State of Wyoming, through the State of Colorado, sought reimbursement of these benefits from mother by registering the Alaska child support order in the district court in Colorado. The Colorado court calculated the arrearage at $7800.

Mother objected to the registration of the Alaska order and to the amount of arrearage, asserting various defenses to the validity and enforcement of the order. Following a hearing, the magistrate entered an order confirming the registration of the Alaska order and, after crediting mother with three payments to father, finding that she owed father $5560. On review, the district court adopted the magistrate's order.

On appeal, mother contends that she had valid defenses to the registration of the Alaska order, and that the district court thus erred in registering and enforcing the order.

The Alaska order was registered in Colorado pursuant to the UIFSA, which provides that a support order issued by another state may be registered in this state for enforcement. Section 14–5–601, C.R.S.1998. Once the order is registered, the obligor is given notice and an opportunity to contest the validity or enforcement of the order. Sections 14–5–605 and 14–5–606, C.R.S.1998.

The party contesting the validity or enforcement of the foreign order has the bur-

den of proving one or more of the seven statutory defenses set forth in §14–5–607(a), C.R.S.1998. Here, mother raised three defenses: (1) the Alaska court lacked personal jurisdiction over her when it modified custody and support; (2) the Alaska order was subsequently modified by her 1992 agreement with father; and (3) there was a defense under Colorado law to the remedy sought. *See* §§14–5–607(a)(1),(3), and (5), C.R.S.1998.

## I.

■ Mother first argues that, because she had never resided in Alaska and was not notified of any hearing in that state on custody or support, the Alaska court which entered the 1988 support order lacked personal jurisdiction over her. The People respond that mother failed to meet her burden of showing deficient service and that, in any event, her assertion is contrary to the finding of the Alaska court. Neither the magistrate nor the district court in Colorado made any findings regarding mother's defense of lack of personal jurisdiction. We conclude that further proceedings are required to resolve this issue.

Contrary to the People's argument, the Alaska court did not expressly find that it had personal jurisdiction over mother for purposes of its 1988 support order. The order states only that the court "has jurisdiction to hear this matter pursuant to [Alaska Stat. §] 25.30.020 et seq." This statute governs the court's jurisdiction to make custody determinations pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA).

■ Where a court has subject matter jurisdiction under the UCCJA, it may adjudicate custody without any additional determination that it has personal jurisdiction over a non-resident parent, as long as the UCCJA's notice provisions are complied with. *See In re Marriage of Hudson*, 434 N.E.2d 107 (Ind.App.1982)(because custody is in effect an adjudication of a child's status, which falls under the status exception to the traditional minimum contacts rule, a court may adjudicate custody under the UCCJA without acquiring personal jurisdiction over an absent party if it makes reasonable attempts to furnish notice of the proceedings); *Genoe v. Genoe*, 205 N.J.Super. 6, 500 A.2d 3 (N.J.Super.A.D.1985); *Hart v. Hart*, 74 N.C.App. 1, 327 S.E.2d 631 (N.C.App.1985); *McAtee v. McAtee*, 174 W.Va. 129, 323 S.E.2d 611 (W.Va.1984); *see also McCaffery v. Green*, 931 P.2d 407 (Alaska 1997), discussed below, noting and not disturbing the lower court's finding that it had jurisdiction under the UCCJA to hear custody and visitation issues involving a non-resident parent.

Under Alaska Stat. §25.30.040 (1996), notice required for the exercise of jurisdiction over a non-resident parent under the UCCJA is to be given in accordance with Alaska R. Civ. P. 4 and is to be given at least twenty days before any hearing. Alaska R. Civ. P. (4)(h) allows for service of process by registered or certified mail, but requires that proof of service be made by affidavit. A return receipt is generally not adequate in the absence of an affidavit attesting to the fact that the mail which was delivered contained the required documents. *D.A. v. D.R.L.*, 727 P.2d 768 (Alaska 1986).

In this case, because no part of the Alaska court file other than the order itself was introduced into evidence, there was no documentary evidence indicating whether an affidavit showing proper service on mother had been filed. Mother testified that she had not received notice of the Alaska hearing. The magistrate could presumably have found mother's testimony incredible, afforded a presumption of regularity to the Alaska proceedings, and found that the Alaska court's finding of subject matter jurisdiction necessarily included a determination that mother had been properly served. However, the magistrate made no such findings.

Moreover, even if it is determined that mother received sufficient notice to allow the Alaska court to adjudicate custody, that does not resolve the issue of whether the court had personal jurisdiction to enter the support order whose enforcement mother is challenging.

A "custody determination" under the UCCJA does not include a decision relating to child support. *See* Alaska Stat. §25.30.900 (1996).

Some state courts have held that, even if a court may adjudicate custody under the UC-CJA, "technical" or traditional personal jurisdiction, in accordance with the minimum contacts principles of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), must be acquired over the non-resident parent before that court can decide issues of child support. *See, e.g., Taylor v. Jarrett,* 191 Ariz. 550, 959 P.2d 807 (Ariz.App.1998); *Warwick v. Gluck,* 12 Kan. App.2d 563, 751 P.2d 1042 (Kan.App.1988). However, in *McCaffery v. Green, supra,* the Alaska Supreme Court held that a court that was exercising jurisdiction over a non-resident defendant on custody and visitation issues under the UCCJA could also exercise personal jurisdiction over him on child support issues without violating traditional notions of fair play and substantial justice.

We cannot determine from the record before us whether the facts relied on as a basis for upholding personal jurisdiction in *McCaffery* are present here. Further, because the parties have not addressed the issue, we do not decide whether, even in light of *McCaffery,* the Alaska court's exercise of personal jurisdiction over mother for purposes of ordering support was constitutionally permissible.

A remand is thus required to determine mother's defense of lack of personal jurisdiction. On remand, the court in its discretion may permit the parties to supplement the record by providing evidence indicating whether an affidavit and return of service were ever filed with the Alaska court, as well as other evidence or argument necessary to determine whether the Alaska court could validly exercise personal jurisdiction over mother on the issue of support.

## II.

Mother raises two additional defenses to enforcement of the Alaska order. Because the district court will need to address these defenses on remand if it determines that the Alaska court had personal jurisdiction over mother, we address her contentions here.

## A.

█ Mother contends that even if the Alaska order is valid, the subsequent modification of the order by the parties' 1992 agreement constituted a defense to registration or enforcement of the order.

We disagree with mother's contention that the agreement affords her a defense under §14–5–607(a)(3), C.R.S.1998. That section provides a defense to validity or enforcement of a registered order where "[t]he order has been vacated, suspended, or modified by a later order." The agreement between mother and father was never approved by any court. Thus, it does not qualify as an "order" for purposes of this section.

However, on remand, the court should consider whether the 1992 agreement provides mother with a defense pursuant to §14–5–607(a)(5), C.R.S.1998 ("There is a defense under the law of this state to the remedy sought") under principles of estoppel as set forth in *In re Marriage of Dennin,* 811 P.2d 449 (Colo.App.1991).

## B.

█ Finally, mother contends that she has a defense under §14–5–607(a)(5) to the enforcement of the Alaska support order because, under Colorado law, she would not have been required to pay child support for one child during the time she had custody of him pursuant to the parties' 1992 agreement.

We conclude that the statute upon which mother relies, Colo. Sess. Laws 1991, ch. 42, §14–10–122(5) at 253, does not apply here. That statute provides in relevant part:

> When a voluntary change of physical custody occurs, the provisions for support, if modified pursuant to this section, will be modified as of the date when physical custody was changed.

In *In re Marriage of Pickering,* 967 P.2d 164 (Colo.App.1997), a division of this court concluded that this statute had been repealed by implication upon the enactment in 1992 of a conflicting statute.

Thereafter, a modified version of the statute was reenacted effective July 1, 1998. *See* §14–10–122(5), C.R.S.1998.

Even if the statute on which mother relies were deemed applicable here notwithstanding the implied repeal recognized in *In re Marriage of Pickering, supra,* the statute allows for retroactive support modification only when "the provisions for support [are] modified pursuant to this section." Modification of the foreign support order at issue here would have to be done pursuant to the UIFSA, in accordance with the requirements of §§14–5–611 and 14–5–613, C.R.S.1998. Based on the record before us, it does not appear that these requirements could be met in this case.

Again, however, the fact that mother had custody of one child for part of the period for which arrearages are sought may constitute a defense under *In re Marriage of Dennin, supra.*

The order of the district court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

CRISWELL and CASEBOLT, JJ., concur