In re the MARRIAGE OF David A. SCHMIDT, Appellant,

and

Cindy A. Schmidt, Appellee.

No. 00CA1821.

Colorado Court of Appeals, Div. III.

Jan. 17, 2002.

Jorgensen, Pepin & Raba, Lewis & Motycka, P.C., Jennifer L. Motycka, Longmont, CO, for Appellant.

Harriet G. Olson, Boulder, CO, for Appellee.

Opinion by Judge JONES.

David A. Schmidt (father) appeals the district court order denying his motion to review the magistrate's order modifying child support and awarding attorney fees to Cindy A. Schmidt (mother). We vacate the order and remand for further proceedings.

On June 6, 2000, the father filed a timely motion for review of the magistrate's order and requested a seventy-five day extension of time, through August 21, 2000, to order and file a transcript of the hearing. The father also requested, if the extension were granted, that he be allowed to supplement his motion. The mother objected to the request by noting that the father knew of the disputed rulings concerning rental income, private schooling, and attorney fees on May 3, 2000, when the bench rulings were made, and, therefore, the father already had had ample time to order the transcript. The district court partially granted the request by allowing a thirty-day extension through July 7, 2000.

On July 7, the father filed a motion to review the magistrate's decision, which was similar to the first motion except for certain additions. The father did not file a transcript of the hearing and did not mention the transcript. The district court denied the motion with the notation that the father "failed to timely provide transcript of hearing." The record reflects, however, that the court did not enter findings to the effect that the failure to provide a transcript obviated any review of the father's motion.

I.

The father contends that the district court erred in denying his motion for review based on the failure timely to provide a transcript. We agree.

This case is governed by the Colorado Rules for Magistrates, which became effective January 1, 2000. *See People ex rel. Garner v. Garner*, 33 P.3d 1239 (Colo.App. 2001).

Although § 13–5–303(2), C.R.S.2001, provides that the supreme court shall promulgate rules of procedure to govern the family

law magistrates, to date, it appears that the supreme court has promulgated only the Colorado Rules for Magistrates, which do not contain a separate section on procedure or any procedural rules specifying any time limits for filing a transcript of a hearing before a magistrate. *People ex rel. Garner v. Garner, supra* (C.R.M.6(b) provides that functions of magistrates in family law cases are specified in § 13–5–301, et seq., C.R.S.2001).

We note that, in this instance, even the Colorado Rules of Civil Procedure do not determine the time requirement because, in order for the district court to grant an enlargement of time for filing the transcript, there had to be, under C.R.C.P. 6(b), a "period originally prescribed" within which the transcript was to be filed. Here, there is no "period originally prescribed" in any procedural rule for filing a transcript of the hearing before the magistrate.

Additionally, we have found no requirement that a transcript be filed at all in a review proceeding. *See* C.R.M. 7(a)(1) (party may obtain review of a magistrate's judgment or order by filing a motion to review, which "shall state with particularity the alleged errors . . . and may be accompanied by a memorandum brief discussing the authorities relied upon to support the motion"); C.R.M. 10 (simply providing that a verbatim record of the proceedings before a magistrate shall be maintained by electronic or stenographic means, the magistrate shall be responsible for maintaining the record, the record is admissible as evidence, and the record is the property of and shall be maintained by the state).

Likewise, there is no requirement that the district court must consider a transcript, if one is provided, when reviewing a magistrate's order. *See* C.R.M. 7(a)(2) (reviewing judge shall consider a motion for review on the basis of the motions and briefs filed, together with such review of the record as may be necessary). Furthermore, a transcript has not been deemed a requirement for meaningful review in some other contexts. *See Almarez v. Carpenter,* 173 Colo. 284, 477 P.2d 792 (1970) (appellate court review of district court proceeding); *Martinez v. Bd. of Comm'rs,* 992 P.2d 692 (Colo.App.1999)(district court review of administrative proceeding).

Here, the district court denied the father's motion to review solely because there was no "timely" filing of a transcript and made no findings regarding the review of the existing record. Therefore, the case must be remanded to the district court to consider the motion for review based on the existing record and, if necessary, to conduct further proceedings, take additional evidence, or order a trial de novo in the district court. *See* C.R.M. 7(a)(2).

## II.

The father also raises a number of contentions regarding the merits. Although generally a district court order that denies a motion to review has the effect of adopting the magistrate's order, *see* C.R.M. 7(a)(2)(district court has the power only to "adopt, reject, or modify" the magistrate's order), here, because the district court did not engage in any review of the evidence, we do not address these contentions.

The order is vacated, and the case is remanded to the district court to reconsider the motion to review consistent with the views expressed in this opinion.

Judge ROTHENBERG and Judge NIETO concur.