**In re the MARRIAGE OF Salvador A. RIVERA, Appellant,**

**and**

**Benita R. Quintana, n/k/a Benita R. Thompson, Appellee.**

No. 03CA0235.

Colorado Court of Appeals, Div. A.

March 25, 2004.

Kurtz & Peckham, Thomas R. Cincotta, Denver, Colorado, for Appellant.

No Appearance for Appellee.

Opinion by Chief Judge DAVIDSON.

Salvador A. Rivera (father) appeals from the district court order adopting the order of the magistrate that Benita R. Quintana, now known as Benita R. Thompson (mother), pay child support arrearages. We affirm.

In 1996, the magistrate approved the parties' stipulation providing for father's primary custody of the children and mother's parenting time and payment of child support in the amount of $617 per month. When mother's wages were garnished in 2001, she filed a pro se motion requesting a hearing "to establish a correct and accurate time period for the child support obligation and to determine who is responsible to pay support to whom." She alleged that adjustments were necessary because the parties reconciled and lived together for periods of time and that one child now lived with her. Father asserted that mother owed arrearages of $28,000 and $9000 in interest.

Noting that the testimony was conflicting, the magistrate found that the parties resided together with the children from December 1996 through March 1998, and therefore no child support was due from mother for this period. The magistrate found that one child lived with mother from March 1998 until January 1999, but until his emancipation in June 2001, he resided in both parties' homes and that "it is impossible to determine when he lived with each [p]arty specifically." A second, older child spent "significant time" with mother. The magistrate therefore concluded that because she "cannot mathematically determine the child support owed ... the sum of $10,000 is appropriate based on the equities presented."

Father requested district court review, asserting that the sum of $10,000 was arbitrary, the findings were clearly erroneous, and the magistrate erred in failing to award interest. Noting that no transcript of the hearing was submitted, the district court "assume[d] that the factual findings made by the magistrate are supported by competent evidence." Accordingly, the court adopted the magistrate's order.

## I.

■ Father contends first that the district court erred in assuming that his failure to file a transcript warranted the conclusion that the magistrate's findings were supported by the evidence. We disagree.

Pursuant to C.R.M. 7(a)(2), a reviewing court must consider a motion for review on the basis of the motions and briefs filed, together with such review of the record as may be necessary. C.R.M. 7 does not require that a transcript be filed at all in a review proceeding, and it provides no guidance on the procedures for filing a transcript. *In re Marriage of Schmidt*, 42 P.3d 81 (Colo.App.2002)(district court erred in denying motion to review solely because there was no timely filing of a transcript; although statute instructs supreme court to promulgate rules of procedure to govern family law magistrates, to date the C.R.M. contain no time limits for filing transcript which would permit a determination as to timeliness); *see In re Marriage of Roosa*, 89 P.3d 524, 2004 WL 439522 (Colo.App. No. 02CA2533, Mar. 11, 2004)(discussing lack of guidance on procedures applicable to review of magistrate's orders).

In the absence of such guidance on the filing of a transcript, we turn to general principles of appellate practice. *In re Marriage of Schmidt, supra* (transcript has not been deemed a requirement for meaningful review in other appellate contexts and, therefore, was unnecessary for district court review of magistrate's order).

■ It is the obligation of the party asserting error in a judgment to present a record that discloses that error, because a judgment is presumed to be correct until the contrary affirmatively appears. *Schuster v. Zwicker*, 659 P.2d 687 (Colo.1983); *Alessi v. Hogue*, 689 P.2d 649 (Colo.App.1984). Thus, we hold that a party seeking review of a magistrate's order shoulders the burden of providing a record justifying the rejection or modification of that order. Absent such a record, the district court may presume the regularity of the magistrate's proceedings.

Here, the district court did not have the transcript of the hearing before the magistrate and, therefore, correctly determined that it must assume that the magistrate's factual findings were supported by the evidence.

## II.

■ Father also contends that, even if the district court could assume the magistrate's order is supported by the evidence, the district court still erred in adopting the order. He asserts that the district court could not decrease mother's child support obligation retroactively in determining arrearages. Again, we disagree.

■ At the outset, we note that even though the hearing transcript was made a part of the record on appeal to this court, we may not consider it. Because we are reviewing the district court order, our review is limited to the record considered by that court. *See Bd. of Med. Exam'rs v. Duhon*, 867 P.2d 20 (Colo.App.1993), *aff'd*, 895 P.2d 143 (Colo.1995); *see also Walker v. City of Thornton*, 525 P.2d 1177 (Colo.App.1974)(not published pursuant to C.A.R. 35(f)). Accordingly, we consider only father's legal argument.

■ An accrued child support obligation becomes a judgment when due and not paid. *See* § 14–10–122(1)(c), C.R.S.2003; *In re Marriage of Greenblatt*, 789 P.2d 489 (Colo. App.1990). However, courts have equitable authority to set aside or reduce a support judgment in circumstances that would render its enforcement fundamentally unfair or unjust. *See In re Marriage of Jacobs*, 859 P.2d 914 (Colo.App.1993); *In re Marriage of Dennin*, 811 P.2d 449 (Colo.App.1991).

Accordingly, the district court could adopt the magistrate's grant of equitable relief. The magistrate, citing *Jacobs,* properly exercised the discretion to grant such relief. And contrary to father's argument, there is no indication that the magistrate modified child support under § 14–10–122(5), C.R.S.2003, because the findings and pleadings indicate that the issues included whether and when the change in physical care occurred. *See In re Marriage of Emerson,* 77 P.3d 923 (Colo. App.2003) (discussing modification of child support when a mutually agreed change of physical care occurs).

In a related contention, father asserts that the district court erred in adopting the magistrate's order because the magistrate improperly shifted the burden of proof to father. However, inasmuch as father's support for this argument comes from the transcript, we cannot review this contention. *See Bd. of Med. Exam'rs v. Duhon, supra.*

The order is affirmed.

CRISWELL * and PLANK *, JJ., concur.