24CA0624 Peo in Interest of AF 10-24-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0624
Jefferson County District Court No. 22JV30120
Honorable Blair Q. McCarthy, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of A.F., a Child,

and Concerning D.F.,

Appellant.

---

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE J. JONES
Lipinsky and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 24, 2024

---

Kimberly Sorrells, County Attorney, Sarah Oviatt, Assistant County Attorney, Golden, Colorado, for Appellee

Jenna L. Mazzucca, Guardian Ad Litem

The Morgan Law Office, Kristofr P. Morgan, Colorado Springs, Colorado, for Appellant

¶ 1    In this dependency and neglect proceeding, D.F. (father) appeals the judgment allocating parental responsibilities for his child, A.F.  We affirm.

I.    Background

¶ 2    In July 2022, the Jefferson County Division of Children, Youth and Families (the Division) opened a voluntary case after Y.M. (mother) was placed on a mental health hold.  The Division and mother entered into a safety plan prohibiting mother from having unsupervised contact with A.F. and A.F.'s half-sister, N.W.  The safety plan also required that all contact be supervised by N.W.'s father or N.W.'s paternal grandmother.  However, after the Division received a report that N.W.'s father was "severely intoxicated" while caring for the children, the People of the State of Colorado (State) filed a petition in dependency and neglect.  The juvenile court granted the Division temporary legal custody, and the Division placed the children with N.W.'s paternal grandmother.

¶ 3    In the petition, the State alleged that father had not "been involved in [the child's] life or had contact with her for several years and his whereabouts [were] unknown."  The juvenile court granted

1

the State's request to serve father by publication, and after he failed to appear, the court found that father had abandoned the child, *see* § 19-3-102(1)(a), C.R.S. 2024, and adjudicated her dependent and neglected. In August 2022, the court adopted a treatment plan for father, even though he had yet to appear in the case. After father contacted the Division's caseworker in December 2022, the court adopted an amended treatment plan that required father to (1) provide for the child's needs; (2) engage in mental health treatment; and (3) address his substance abuse problems.

¶ 4     In August 2023, the State moved for an allocation of parental responsibilities (APR) to N.W.'s paternal grandmother. A few months later, mother stipulated to an APR that gave her joint decision-making responsibilities with N.W.'s paternal grandmother and allowed mother to exercise parenting time on the weekends. Following an evidentiary hearing, a magistrate adopted the stipulation and declined to award father any parenting time.

¶ 5     Father then filed a petition for juvenile court review of the magistrate's judgment. In the petition, father asserted that the APR should be reversed because the Division didn't make reasonable

efforts to prevent out-of-home placement or to reunify him with the child. The court affirmed the magistrate's judgment.

## II. Discussion

¶ 6 Father contends that the magistrate erred by "granting permanent custody of the child to a legal stranger when [he] was not given a sufficient amount of time or reasonable services from the Division in order to have an opportunity to reunify with her." We disagree.

## A. Preservation

¶ 7 To begin, we conclude that father didn't preserve two of the issues that he raises on appeal: (1) he wasn't given sufficient time to comply with his treatment plan and (2) the magistrate didn't determine whether he was entitled to the presumption that he was a fit parent.

¶ 8 Generally, we won't consider an issue that wasn't raised or ruled on in the juvenile court. *See People in Interest of M.B.*, 2020 COA 13, ¶ 14. Because a petition for juvenile court review of a magistrate's judgment is a prerequisite to an appeal, § 19-1-108(5.5), C.R.S 2024, a party must raise an issue in the juvenile court so that the court has an opportunity to correct any error that

3

the magistrate may have made. *People in Interest of K.L-P.*, 148 P.3d 402, 403 (Colo. App. 2006). When a party doesn't raise an issue before the juvenile court in a petition for review but raises the issue for the first time on appeal, the party asks us to correct an error that the juvenile court could have corrected. *Id.* Thus, a party is required to present an issue to the juvenile court in a petition for review before we may consider it on appeal. *Id.*

¶ 9 The only issue father raised in his petition for juvenile court review was whether the "Division failed to make reasonable efforts by not providing [him] with the tools necessary to engage in his treatment plan." Because father didn't raise these other issues in his petition, we decline to address them for the first time on appeal. *See M.B.*, ¶ 14; *K.L-P.*, 148 P.3d at 403.

¶ 10 The State also asserts that father failed to preserve his argument about reasonable efforts because he didn't raise it either before or during the APR hearing. As noted above, father raised the issue of reasonable efforts in his petition for juvenile court review, and the court addressed that assertion in affirming the magistrate. Therefore, the issue is preserved for our review. We need not

4

otherwise decide if father needed to raise a reasonable efforts argument before the APR hearing because the outcome is the same whether we conclude that father failed to preserve the issue for appellate review or whether we address the issue. *See L&R Expl. Venture v. Grynberg*, 271 P.3d 530, 536 (Colo. App. 2011) (declining to resolve an issue where the outcome would not change); *People in Interest of R.R.*, 607 P.2d 1013, 1015 n.2 (Colo. App. 1979); *compare People in Interest of S.N-V.*, 300 P.3d 911, 916 (Colo. App. 2011) (parties don't need to raise reasonable efforts argument before a termination hearing), *with People in Interest of D.P.*, 160 P.3d 351, 355-56 (Colo. App. 2007) (reasonable efforts argument is waived if not raised before the termination hearing).

### B.  Applicable Law and Standard of Review

¶ 11    When a juvenile court allocates parental responsibilities in a dependency or neglect case, it must consider the purposes of the Colorado Children's Code under section 19-1-102, C.R.S. 2024, *see People in Interest of C.M.*, 116 P.3d 1278, 1281 (Colo. App. 2005), and allocate parental responsibilities in accordance with the child's

best interests, *see People in Interest of L.B.*, 254 P.3d 1203, 1208 (Colo. App. 2011).

¶ 12    Granting an APR is within the juvenile court's discretion, and consequently we won't disturb the judgment on review if competent evidence supports it.  *See People in Interest of A.M.K.*, 68 P.3d 563, 565 (Colo. App. 2003).  It is for the court, as the trier of fact, to determine the sufficiency, probative effect, and weight of the evidence, and to assess the credibility of witnesses.  *People in Interest of A.J.L.*, 243 P.3d 244, 249-50 (Colo. 2010); *see also In re Parental Responsibilities Concerning B.R.D.*, 2012 COA 63, ¶ 15 (when there is record support for the court's findings, its resolution of conflicting evidence is binding on review).  But whether the court applied the correct legal standard in making its findings is a question of law that we review de novo.  *People in Interest of N.G.G.*, 2020 COA 6, ¶ 10.

¶ 13    Before a juvenile court may grant an APR to a nonparent, a county department must make reasonable efforts to prevent out-of-home placement and reunify the family whenever appropriate.  *See People in Interest of A.S.L.*, 2022 COA 146, ¶ 20; *see also* § 19-3-

6

100.5(1), C.R.S. 2024.  And if the court grants an APR in a permanency planning hearing, then it should also consider whether the department made reasonable efforts to finalize the permanency plan.  § 19-3-702(3)(b), C.R.S. 2024.

¶ 14    Reasonable efforts means the "exercise of diligence and care" to reunify parents with their children.  § 19-1-103(114), C.R.S. 2024.  Services provided in accordance with section 19-3-208, C.R.S. 2024, satisfy the reasonable efforts standard. § 19-1-103(114).  Among the services required under section 19-3-208 are screenings, assessments, and individual case plans for the provision of services; home-based family and crisis counseling; information and referral services to available public and private assistance resources; family time; and placement services. § 19-3-208(2)(b).  If funding is available, a department must also provide mental health and substance abuse treatment services. § 19-3-208(2)(d)(IV)-(V).

¶ 15    The juvenile court should consider whether the services provided were appropriate to support the parent's treatment plan, *S.N-V.*, 300 P.3d at 915, by "considering the totality of the

circumstances and accounting for all services and resources provided to a parent to ensure the completion of the entire treatment plan," *People in Interest of My.K.M. v. V.K.L.*, 2022 CO 35, ¶ 33. The parent is ultimately responsible for using the services to comply with the plan, *People in Interest of J.C.R.*, 259 P.3d 1279, 1285 (Colo. App. 2011), and the court may consider a parent's unwillingness to participate in treatment in determining whether the department made reasonable efforts, *see People in Interest of A.V.*, 2012 COA 210, ¶ 12.

¶ 16    Whether a department of human services satisfied its obligation to make reasonable efforts is a mixed question of fact and law. *A.S.L.*, ¶ 8. We review the juvenile court's factual findings for clear error but review de novo its legal determination, based on those findings, as to whether the department satisfied its reasonable efforts obligation. *Id.*

### C.    Juvenile Court Review of a Magistrate's Judgment

¶ 17    The juvenile court has exclusive, original jurisdiction in proceedings to determine the legal custody of a child who comes within its jurisdiction. § 19-1-104(1)(c), C.R.S. 2024. But the court

8

may delegate to magistrates its authority to hear such proceedings. § 19-1-108(1); *see also People in Interest of L.B-H-P.*, 2021 COA 5, ¶ 9. In a case heard by a magistrate, the parties are bound by the magistrate's findings and recommendations, subject to a request for juvenile court review. § 19-1-108(3)(a.5).

¶ 18    A juvenile court reviewing a magistrate's decision must adopt, reject, or modify the magistrate's initial order or judgment. C.R.M. 7(a)(10). The court may not alter the magistrate's findings unless they are clearly erroneous. C.R.M. 7(a)(9). The failure of a petitioner to file a transcript of the proceeding before the magistrate isn't grounds to deny a petition for review but, under those circumstances, the reviewing judge must presume that the record would support the magistrate's judgment. C.R.M. 7(a)(9); *In re Marriage of Rivera*, 91 P.3d 464, 466 (Colo. App. 2004).

¶ 19    Our review of the juvenile court's decision is effectively a second layer of appellate review, and, like the juvenile court, we must accept the magistrate's factual findings unless they are clearly erroneous. *People in Interest of N.G.*, 2012 COA 131, ¶ 37. Additionally, when a hearing transcript that wasn't provided to the

9

juvenile court for its review is included in the appellate record, we may not consider it. *In re Marriage of Dean*, 2017 COA 51, ¶ 14. Rather, we are limited to the record that was before the juvenile court. *Rivera*, 91 P.3d at 466 (because its review was limited to the record considered by the district court, a division of this court only considered the party's legal arguments).

## D.    Analysis

¶ 20    The magistrate found that (1) the APR was in the child's best interests, *see L.B.*, 254 P.3d at 1208, and (2) there was a compelling reason for not returning the child to father, *see C.M.*, 116 P.3d at 1283. In support, the magistrate found, among other things, that father (1) had limited contact with the caseworker; (2) didn't successfully engage in any aspect of his treatment plan; (3) had a history of substance abuse and mental health problems; and (4) hadn't had any contact with the child for at least six years. The magistrate also found that the Division had made reasonable efforts. Based on this information, the magistrate determined that father should not have parenting time with the child. *See A.S.L.*, ¶ 26 (affirming the juvenile court's decision that limited the mother's

parenting time because the record supported a finding that it was in the child's best interests).

¶ 21 Father asked the juvenile court to reverse the magistrate's judgment because the record didn't establish that the Division made reasonable efforts. Specifically, father asserted that the Division should have (1) given him a cell phone or tablet and (2) provided him with housing resources. In reaching its decision, the court considered some of the information contained in the Division's Family Services Plan (FSP) report — which was admitted as an exhibit at the hearing and made part of the court file — but then noted that, "[w]ithout a transcript of the hearing in question, [it must] presume that the record would support [the magistrate's] finding" that the Division made reasonable efforts. It therefore affirmed the magistrate's decision.

¶ 22 Although father provided the hearing transcript in the appellate record, he didn't provide it to the juvenile court when he sought review of the magistrate's judgment. Consequently, we must confine our review to the record that the juvenile court considered, which included only the FSP report but not any transcripts. *See*

11

*Dean*, ¶ 14. The information contained in the FSP report supports the magistrate's finding that the Division made reasonable efforts. But, without reviewing the transcript, we can't fully evaluate the evidence to determine whether it supports the magistrate's judgment. *See id.* Rather, like the juvenile court, we must presume that the record supports the magistrate's decision. *See id.*

¶ 23 Nor does father present any wholly legal arguments that we could review without referencing the transcripts. *See Rivera*, 91 P.3d at 466; *see A.S.L.*, ¶ 8 (whether the department made reasonable efforts presents a mixed question of law and fact). The magistrate otherwise applied the proper legal standards, *see N.G.G.*, ¶ 10, and its findings and conclusions conform with the requirements of the Colorado Children's Code, *see L.B.*, 254 P.3d at 1208. *Cf. People in Interest of T.L.B.*, 148 P.3d 450, 457 (Colo. App. 2006) ("The findings supporting an order terminating the parent-child legal relationship are adequate as long as they conform to the criteria set forth" in the statute.).

¶ 24 We therefore don't see any basis for reversal.

## III. Disposition

The judgment is affirmed.

JUDGE LIPINSKY and JUDGE SULLIVAN concur.